## SILVER Bow MINING & MILLING Co., appellant, *v.* LOWRY, respondent.

SALE — *Conditional sale* — *Title does not pass till condition is performed.*— Where, on a sale of chattels, it is agreed between the parties that the property shall be delivered to the purchaser, but that the title shall remain in the seller, and the purchaser shall not be the owner

thereof until he has paid the purchase money in full, the property is not subject to attachment for such purchaser's debts, but the owner-ship remains in the seller; following *Heinbockle* v. *Zugbaum*, 5 Mont. 345.

Same — *Absolute sale — Note and mortgage for purchase price.*— If the seller, at the time of the delivery of the property, takes a note from the purchaser for the purchase price, and takes a mortgage on other property to secure the note, then the sale is an absolute sale, notwith-standing an agreement between the parties that the title to the property sold should not pass until the note was paid.

Same — *Redhibitory action — New trial.*— Where, in an action of claim and delivery, the plaintiff asserts a conditional sale, and defend-ant maintains a sale absolute, and the evidence shows an absolute sale, the trial judge ought promptly to set aside a general verdict in plaintiff's favor, and grant a new trial.

Same — *Absolute or conditional — Evidence.*— In an action of claim and delivery for goods alleged by plaintiff to have been sold on the condition that the title should not pass until the purchase money was paid in full, but claimed by defendant to have been sold absolutely, where it appears that the property was delivered to the purchaser; that he was charged up with the purchase price on plaintiff's books; that he gave to plaintiff a note for the amount of the purchase money, bearing interest, and a mortgage on other chattels than those purchased to se-cure such note; and that the cattle, when levied on under writs of at-tachment against the purchaser, were found in his possession,— it will be held that the sale was an absolute sale, and that the property was subject to attachment for the purchaser's debts.

*Appeal from Second District, Silver Bow County.*

W. W. Dixon, for the appellant.

Knowles & Forbis, for the respondent.

McLeary, J.    This was an action of claim and delivery brought by the appellant to recover certain oxen, and a wagon, chains, etc., alleged to be the property of appellant, and wrongfully detained from it by the respondent. The respondent, being the sheriff of Silver Bow county, after special denials, justifies the taking and holding of the prop-erty by virtue of certain writs of attachment issued in suits against Oscar Durand, and alleges that the property had been taken from the possession of respondent by the

coroner, under process in this suit, and delivered to the appellant.

The main issue in this case, as made by the pleadings, is this: Were the wagon, oxen, and chains, at the time of the taking, the property of Oscar Durand, or of the Silver Bow Mining & Milling Company? The jury found a verdict in favor of the plaintiff for the property, and $1 damages and costs, and the court granted a new trial, on motion of the defendant. From the order granting a new trial the plaintiff appeals. The new trial may have been granted for any one or all of the several reasons assigned by the defendant in his motion therefor, to wit: (1) Errors of law — *First*, in admitting the testimony of Joseph Perron over objections; *second*, in giving the instructions asked by the plaintiff; *third*, in refusing instruction asked by defendant. (2) Insufficiency of the evidence to justify the verdict — First, because the evidence shows that the sale was absolute.

1. As to permitting the question to the witness Perron. The question was as follows: " Did you ever have any dealings with Durand with reference to these cattle, and did you ever buy any of these cattle from Durand?" Plaintiff's counsel stated that the evidence was for the purpose of contradicting Durand, and showing that Durand had previously sold cattle to witness, and subsequently mortgaged the same cattle to the plaintiff. Defendant's counsel objected that Durand had not given any testimony with reference to any sale to Perron, and hence such answer would not contradict Durand, and, if such evidence was to be given to impeach Durand by disproving his character for honesty and integrity, that testimony as to specific acts of a witness was not admissible for this purpose. The statement shows that Durand had not testified on the subject, and the question could not have been properly asked for the purpose of contradiction.

Was the question admissible for the purpose of showing the bad character of Durand for honesty and integrity?

The statute reads: "A witness is presumed to speak the truth. This presumption, however, may be repelled by evidence affecting his character for truth, honor or integrity." R. S. Mont. § 601, 1st div. p. 153. But such evidence should, according to the weight of the best authorities, be confined to the general reputation of the witness, and it is not permitted to introduce evidence of particular facts, for "every man," says Greenleaf, "is supposed to be capable of supporting the one; but it is not likely he should be prepared to answer the other without notice." 1 Greenl. Ev. § 461, pp. 508, 509.

But the plaintiff's counsel claims that the question was admissible because the answer shows "the improbability that the appellant received the mortgage as security, and confirmed the testimony on the part of the appellant that it would not accept the mortgage." Such evidence would have a very remote bearing upon the case from a point of view such as this, and is certainly impertinent even for this purpose, unless the appellant was shown to have some knowledge of these transactions between Durand and Perron, and to have acted on such knowledge. But neither the president nor the secretary of the company testified to any such knowledge, and the presumption is that the appellant knew nothing of it at the time. For the reasons given, we cannot think the question to the witness Perron admissible for any purpose, and are compelled to hold that its admission was error for which the court below was justified in granting a new trial.

2. Did the court err in giving the instruction asked by the plaintiff? This instruction reads as follows: "If the jury believe from the evidence that the agreement made in 1882, between the plaintiff, by James A. Talbot, its president, on the one part, and Oscar Durand on the other part, in reference to the cattle and other property described in the complaint, was that the property should be delivered to said Durand, but that the title thereto should remain in plaintiff, and Durand should not be the owner of said property until

he had paid the purchase money therefor, then, until such purchase money was paid, no title in the property vested in Durand, and the property was not subject to attachment for Durand's debts, but the ownership thereof remained in plaintiff, and the jury will find a verdict for plaintiff." This instruction appears to be correct, and is in accordance with the principle announced by this court in the case of *Hein-bockle* v. *Zugbaum*, 5 Mont. 345.

Payment by the purchaser may be made a condition precedent to the passage of the title, although the possession of the goods may be delivered to the vendee. Benj. Sales, (2d. Amer. ed.) p. 274, and note *d*, with cases there cited; *Russell* v. *Harkness*, 7 Pac. Rep. 865; cases cited in 5 Mont. 350 *et seq.*, and 5 Pac. Rep. 897; *Call* v. *Seymour*, 40 Ohio St. 673; *Coggill* v. *Hartford & N. H. R. Co.* 3 Gray, 546 *et seq.*; *Zutchmann* v. *Roberts*, 109 Mass. 54; *City Nat. Bank* v. *Tufts*, 63 Tex. 115 *et seq.* and cases cited; *Woods* v. *Half*, 44 Tex. 634; *Harkness* v. *Russell*, 7 Sup. Ct. Rep. 51.

3. Did the court err in refusing the fifth instruction asked by the defendant? This instruction reads as follows: "(5) If the Silver Bow Mining & Milling Company, at the time of the delivery of the property in controversy to Durand, took a note from Durand for the purchase price, and took a mortgage on other property to secure the note, then was the sale an absolute sale, notwithstanding there may have been an agreement between the parties that the title to the property sold should not pass until the note was paid."

The mere fact that the vendor took the note of the purchaser for the purchase price would not make the transaction an absolute sale, as has been heretofore decided in the case of *Heinbockle* v. *Zugbaum*, 5 Mont. 345, and in *Call* v. *Seymour*, 40 Ohio St. 673; *Heryford* v. *Davis*, 102 U. S. 245, and other cases. Would the additional fact, that a mortgage was taken on other property to secure the payment of such notes, necessarily render the sale absolute? If

the sale was merely conditional, the taking of a mortgage on other property would be utterly useless. There is no stipulation for hire to be paid at stated times, to secure which the mortgage could have been supposed to have been given. On the contrary the mortgage introduced in evidence was given to secure the $750, the purchase price of the wagon and oxen, etc., sold to the mortgagor. To hold that this would be consistent with a conditional sale would be going beyond any decision which has fallen under our notice. The instruction refused states the law as laid down by the current of authorities, and should have been given to the jury. *Heryford* v. *Davis*, 102 U. S. 246.

4. Does the evidence show that this transaction was an absolute sale, and not a conditional one? If so, the judge of the trial court ought, in the exercise of a sound discretion, to have set the verdict aside, and granted a new trial. Such a case has no analogy to the finding of a jury on the amount of damages suffered by a party, or to cases of conflicting evidence upon any particular question of fact. This is a mixed question of law and fact, in which the error of a jury ought to be promptly and unhesitatingly corrected by the trial court. The jury returned a general verdict for the plaintiff. The evidence contained in the record was not sufficient to support this verdict, and the court very properly granted a new trial.

There is a conflict of evidence as to a conversation which took place in the month of May, 1882, at the time the property was delivered, to the effect that the wagon, oxen, etc., were to remain the property of the Silver Bow Mining & Milling Company until the purchase price was paid. But there is no doubt that the property was delivered to Durand, and that he gave an order on the Parrott Company for the $750, to be paid therefor, and that he was charged up, on the books of the Silver Bow Mining & Milling Company, with nine head of cattle, chains, and wagon, $750; and that on the non-payment of the order on the Parrott Company, that Durand, on the 13th day of July,

1882, gave a note for $750, bearing interest at the rate of one and one-half per cent. per month, and a mortgage on twenty head of work cattle, other than those purchased, to secure the payment of this note; that the note was payable on the 27th day of August, 1882, and the writs of attachment were levied on the oxen and wagon, etc., in October, 1882, found in possession of Durand. All these facts, taken together, show that the sale made by the Silver Bow Mining & Milling Company to Durand was an absolute sale, and that the property was subject to the attachment; and the whole current of authority, as far as we have had leisure to examine, has been to that effect. *Boughton* v. *Libby*, 62 Me. 254.

Since this case was submitted, and, in fact, since the foregoing opinion was written, counsel for appellant has submitted for the consideration of the court the case of *Harkness* v. *Russell*, 118 U. S. Rep. 663, decided by the supreme court of the United States, on an appeal from the supreme court of Utah, on the 8th day of November last, in which Justice Bradley, in a very exhaustive and able opinion, reviews all, or at least a great many, of the decisions rendered involving the doctrine of conditional sales. This case has been carefully considered by this court, and we do not find anything therein contained at variance with the views herein expressed. On the contrary, it is an authority to sustain us in the opinion that the trial court, in this case, properly gave the instruction asked for by appellant in regard to the payment of the purchase money being a condition precedent to the passage of title, if so intended by the parties.

Taking the view that we do of this case, it is not necessary to antagonize any of the cases cited by the appellant.

For the reasons hereinbefore given the court below properly granted the new trial, and the said order is affirmed.

*Judgment affirmed.*

WADE, C. J., and BACH, J., concur.