(No. 5264. October 10, 1929.)

O. SPARKMAN, Sheriff of Fremont County, Idaho, et al., Respondents, v. MILLER–CAHOON COMPANY, a Corporation, and AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellant.

[282 Pac. 273.]

O. A. Johannesen, for Appellant.

A. H. Wilkie, for Respondents.

T. BAILEY LEE, J.—On December 29, 1921, plaintiff and respondent, Sparkman, as sheriff of Fremont county, at the instance of several creditors of the Hobart-Brown Co., attached certain goods and merchandise in said company's possession. The creditors having obtained judgments in the probate court some time in January following, the sheriff proceeded under the consequent executions to notice the property for sale. Whereupon, the Miller-Cahoon Co. which had theretofore without avail served upon the sheriff written demand for said property, setting up its ownership thereof, instituted a replevin action in the district court against the Hobart-Brown Co., and the sheriff aforesaid.

Under the bond furnished, the sheriff surrendered possession of the property to the plaintiff in replevin who immediately removed the same from Fremont county. Later, the

defendant, Hobart-Brown Co., filed a confession of judgment in favor of the replevinor; and the sheriff filed his demurrer, later his answer. Notwithstanding his appearance and traverse of the complaint, the replevinor dismissed its suit as to him, and stood upon the judgment against the Hobart-Brown Co.

Claiming this failure to prosecute the action to be a breach of the bond, the sheriff demanded a return of the property, which demand having been refused, he instituted the immediate damage suit against the Miller-Cahoon Co. and its surety, the American Surety Co. of New York. Later the execution creditors were joined as parties plaintiff.

Defendant, Miller-Cahoon Co., went into the hands of a receiver and defaulted. Defendant surety company filed divers motions and demurrers, all of which were denied and overruled, and filed its answer setting up the receivership proceedings, the confession of judgment aforesaid, and its principal's title to the property in question. At the trial it offered to confess judgment for nominal damages in the sum of one dollar.

As the basis of title in its principal, the Surety Company plead two title retaining contracts entered into by Miller-Cahoon Co. as seller, and Hobart-Brown Co. as buyer, respectively on August 9, 1918, and September 24, 1919. The first contract by its own terms expired on September 1, 1919, the other continued throughout the year 1921 and was never recorded pursuant to the provisions of chap. 153 of the 1921 Session Laws. Trial was had by the court without a jury. Aside from certain articles admittedly consigned to Hobart-Brown by Miller-Cahoon, the court found that the remainder of the property had been sold upon open account during the years 1918–1921, inclusive, and that the title thereto having vested in the Hobart-Brown Co. such property was subject to the sheriff's process. He further found that the defendant had failed to identify what property had been sold under the particular contracts or what parts had been sold after chap. 153 took effect. Judg-

ment was accordingly entered in favor of plaintiffs for the full sum demanded, to wit: $1177.40.

The Surety Company appealing, sets up a veritable host of errors: legal incapacity of the sheriff to sue, nonjoinder, for failure to join the receiver as defendant, misjoinder of parties plaintiff, failure to levy under all of the respective executions, failure to plead that plaintiffs, foreign corporations, had complied with the statutory requirements as to doing business, and a deal more which merit no mention. It also complains insistently that plaintiff creditors wholly failed to show that their judgments were unsatisfied. It is unnecessary to cite authority for saying that, as obligee of the bond sued upon, the sheriff was a proper party plaintiff, that there was no misjoinder, that the Surety Company could have been sued alone, that the joining of its principal's receiver was none of its business, that having already attached, the sheriff was not required to levy execution upon what was already subject to the attachment liens in his hands, and that the right of plaintiff corporations to do business in this state cannot be inquired into when they seek execution upon judgments already recovered. The fact that the executions were returned unsatisfied made out a *prima facie* case for plaintiffs. Had any payments been thereafter made, it would have been a matter of defense to have been urged by the Surety Company.

But appellant Surety Company raises one point that is of controlling merit. In fact, it sticks up like the proverbial sore toe. There is no evidence to warrant the finding that these goods were sold upon open account. Miller-Cahoon's manager testified positively and fully that all the goods involved and itemized in the written demand were sold and delivered under the title contracts. No one saw fit to contradict him. True it is that a ledger account was kept, scrupulously evidencing debits and credits, true it is that the contracts provided for certain times and terms of settlement, but it is also true that the title to the goods was expressly conditioned not to pass until all the property had been paid for. This keeping of a ledger account, this

continuous entry of debits and credits, these provisions of the contracts, were but steps in the consummation of the contracts, and at best constituted but a means of keeping track of the particular business.

It appeared that on December 23, 1920, Miller-Cahoon took from Hobart-Brown a note and real estate mortgage covering the entire indebtedness up to date. This, respondents claim, made the sale absolute. And they are not without authority for so contending. 35 Cyc., at page 675, declares:

"As a general rule, if the seller takes a mortgage or other security for the price, such act will be regarded as a waiver of the condition reserving title and an election to consider the sale absolute."

We do not hesitate to say that this is not only not the general rule but that it is a principle of law utterly unsound. Examination of authorities cited in support of it discloses that one of them only, *Silver Bow M. & N. Co. v. Lowry*, 6 Mont. 288, 12 Pac. 652, sustains the announcement; and it is backed by reasoning highly unsatisfactory reinforced by *Heryford v. Davis*, 102 U. S. 246, 26 L. ed. 160, a case not in point at all. The other cases have to do with mortgages given on the specific goods themselves; and correct they are, since title cannot rest in vendor and vendee at one and the same time: our present conceptions of jurisprudence are not yet ready for the "Quant theory" of modern physicists. The taking by a conditional vendor of notes, pledges and mortgages on other property, in the absence of intended waiver at the time, works only as additional security, and does not affect one whit the title reserved. (*Monitor Drill Co. v. Mercer*, 163 Fed. 943, 90 C. C. A. 303, 16 Ann. Cas. 214, and exhaustive notes, 20 L. R. A., N. S., 1065.)

It clearly appearing that all these itemized articles were sold to Hobart-Brown upon condition that the title should be retained by the vendor, it but remained for the court to ascertain what damages plaintiffs had suffered by the failure of Miller-Cahoon to prosecute its action. We

are aware that some authorities award the full value of the property taken. Such a rule is severely penal, and we think smacks of inequity. If, as a matter of fact, the Hobart-Brown Co. was not the owner of the attached property, and Miller-Cahoon Co. was, Hobart-Brown's creditors had no right whatever to subject it to the satisfaction of their judgments. But it was the duty of Miller-Cahoon to try its suit, and adjudicate the matter. It had brought the sheriff into court, and put him to the expense of preparing and filing an answer. By its subsequent dismissal as to him, the sheriff and his coplaintiffs were forced to the expense of instituting this suit in order to adjudicate what of right should have been determined in the former one. Furthermore, it is probable, though not clearly apparent from the record, that Miller-Cahoon Co. had sold certain articles not exempt from the operation of chap. 153. If such prove to be the case, plaintiffs should be allowed their full value. Some attempt was made in the brief of respondents to show that certain articles sold after said time such as wagons, trucks, water-backs, scrapers and gas-engines were not so exempt. For this court to say that they were not included within the exceptions enumerated in the statute would be to make findings, which is not this court's province. Whether any of such articles were or were not "household goods and furniture, motor vehicles, farm implements and machinery, or property exempt from attachment or execution," and so susceptible to the sheriff's seizure, depends upon usage, custom, purpose of sale and certain declaratory statutes, all to be considered by the trial court.

The judgment is reversed and the cause is remanded with instructions to the trial court to ascertain from the present record and such additional testimony as it may be necessary to take what amount of just and proper damage plaintiffs have suffered, and enter judgment accordingly. Costs to be divided equally between appellant and respondents.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.