MILES, respondent, *v.* EDSALL, appellant.

PLEADING. — *Denials held sufficient.* — In the case at bar the defendant moved for judgment on the pleadings, upon the ground that the replication did not specifically deny the new matter set up in the answer. *Held,* that the motion was properly denied, and that the denials of the replication are as specific as the allegation which they meet, and controvert both the spirit and substance of the same.

FRAUD. — *A lease of personal property, with a parol agreement for a conditional sale of the same, does not constitute fraud in law.* — In an action of claim and delivery, it appeared from the evidence that the plaintiff had bought certain cattle, the subject of the action, taking a bill of sale for them in his own name, and had then leased them to M. at a certain rent, with the understanding that M. could purchase the same at any time during the hiring at a certain price, by paying the difference between the price and the rent paid. The title was to remain in plaintiff until payment of the purchase-money. The lease had expired, and the lessee had never paid or tendered the purchase price. Defendant levied upon the cattle in an action against M. *Held,* that the lease and parol agreement for a conditional sale do not constitute a fraud in law, and that the agreement was valid even as against the creditors of M. *Heinbockle* v. *Zugbaum,* 5 Mont. 344, and *Silver Bow M. & M. Co.* v. *Lowry,* 6 Mont. 288, cited.

*An irregular verdict in an action of claim and delivery held good — Section 277, page 129, Compiled Statutes, construed. —* The verdict in the case at bar was somewhat irregular in its failure to find all the facts it should have done. *Held,* that under section 267, division 1, Revised Statutes of Montana (sec. 277, div. 1, Comp. Stats. Mont.), such failure did not invalidate the verdict.

*Appeal from District Court, Gallatin County.*

SAVAGE & ELDER, for the appellant.

A new trial should be granted where a verdict is against the evidence. *Newson* v. *Lycon,* 20 Am. Dec. 156; *Kinne* v. *Kinne,* 21 Am. Dec. 736; *Orr* v. *Haskell,* 2 Mont. 229. A witness who willfully contradicts himself is unworthy of belief. *Crabtree* v. *Hagenbaugh,* 79 Am. Dec. 324. The court erred in refusing to grant defendant's motion for judgment on the pleadings. The plaintiff's reply to the new matter of defendant's answer is literal and conjunctive, and not specific. Plaintiff's reply to defendant's allegations of fraud are likewise literal and conjunctive, and create no material issue. *Burke* v. *Carruthers,* 31 Cal. 468; *Woodworth* v. *Knowlton,* 22 Cal. 164; *Fitch* v. *Bunch,* 30 Cal. 209. As to new matter contained in the answer, the replication should follow the requisites of an answer. *Hammer* v. *Edwards,* 1 Mont. 187. Three of the cows in question were sold and delivered to Mary C. Murphy, and the sale and delivery were evidenced by a bill of sale. About two weeks thereafter the plaintiff destroyed said bill of sale, and a new one was made to the plaintiff, without the consent or knowledge of Mary C. Murphy. That act of destroying the bill of sale did not change the title to the property. *Middlesworth* v. *Sedgwick,* 10 Cal. 393. There is no proof or pretense that, at the time the bill of sale was destroyed, possession of the property was transferred to the plaintiff. Gen. Laws of Mont., div. 5, sec. 169. The primary object of the action in claim and delivery is the property itself, and in the alternative, the value thereof. *Hunt* v. *Robinson,* 11 Cal. 262–277. The ver-

dict of the jury should be in the alternative.  Mont. Practice Act, sec. 267.   In such actions the omission to specify the property of which restitution is to be made is erroneous; neither the verdict nor the judgment specifies the property to be returned.   *Campbell* v. *Jones,* 38 Cal. 507.   Dissenting opinion by Sawyer, C. J., and Rhodes, J.   A verdict had for uncertainty cannot be cured by judgment.   *Bashford* v. *Kendall,* 7 Pac. Rep. 176; *Holdenburg* v. *Hardy,* 10 Pac. Rep. 394; *Muller* v. *Jewett,* 5 Pac. Rep. 84.   Jury should find facts with such distinctness as to the subject-matter of the action, that a judgment may be entered thereon.   *Woodson* v. *McCune,* 17 Cal. 299; *Campbell* v. *Jones,* 38 Cal. 508.   Since the jury failed to find the property to be returned, the court could not supply the defect in the finding and render judgment, particularly so from the fact that the cows ranged in value from forty to seventy-five dollars each. Upon this point there is no conflict of authority.   *Carson* v. *Applegarth,* 6 Nev. 187. · No legal execution could issue upon a judgment based upon such a verdict.   Montana Civil Practice Act, sec. 302, subd. 4

HENRY & JOY, and GEORGE F. SHELTON, for the respondent.

A new trial will not be granted if there is any evidence to support the verdict, although there is a preponderance of evidence against it; and the supreme court will not interfere if the motion for a new trial is overruled.   *Lincoln* v. *Rodgers,* 1 Mont. 217; *Toombs* v. *Hornbuckle,* 1 Mont. 286; *Ming* v. *Truett,* 1 Mont. 322; *Sanders* v. *Farwell,* 1 Mont. 599; *Baker* v. *Joseph,* 16 Cal. 175; *Higuerra* v. *Bernal,* 46 Cal. 580; *Preston* v. *Keyes,* 23 Cal. 194; *Lane* v. *Brown,* 22 Ind. 239.   Motions for judgment on the pleadings are allowed in the discretion of the court, and are allowed only when the answer wholly fails

to deny any material allegations of the complaint. 3 Estee's Pleading, 3d ed., sec. 4609; *Nelson* v. *McDonald*, Cal. Sup. Ct., July term, 1869. A failure to find all the facts in the verdict will not invalidate the verdict. Code Civ. Proc., sec. 267. If the entry of a judgment be so obscure as not to express the final determination with sufficient accuracy, reference may be had to the pleadings and to the entire record. If, with the light thrown upon it by them, its obscurity is dispelled, and its intended signification made apparent, it will be upheld, and carried into effect. Freeman on Judgments, sec. 45; *Finnagan* v. *Manchester*, 12 Iowa, 521; *Fowler* v. *Doyle*, 16 Iowa, 534; *Foot* v. *Glover*, 4 Blackf. 313; *Hughes* v. *Blake*, 1 Mason, 514; *Belt* v. *Massey*, 14 La. Ann. 831. The appellate court must look into the record to see if there is any foundation for a judgment appealed from. *Howard* v. *Richards*, 2 Nev. 128.

### STATEMENT.

The answer set forth as a defense the following new matter:—

For a further defense to said action, the defendant, answering said complaint, alleges:—

1. That at the times mentioned in the complaint the defendant was, and still is, sheriff of said county of Gallatin, duly elected and qualified as such.

2. That heretofore, an action in the justice's court of Livingston township, in and for Gallatin County, Montana Territory, wherein Charles A. Baker, as receiver of the First National Bank of Livingston, was plaintiff, and Mary C. Murphy was the defendant, was commenced on the eleventh day of February, 1886, by filing a complaint, and by the issuance of a summons thereon, for the recovery from said defendant, Mary C. Murphy, of the sum of $297.76, besides costs of the action; that an affidavit and undertaking in attachment was also, on

said last-named date, filed in said court in said action, and a writ of attachment thereupon issued; that said summons and writ of attachment were placed in the hands of defendant in this action for service, as sheriff of said county; that on the twelfth day of February, A. D. 1886, this defendant, as sheriff of said county of Gallatin, by virtue of said writ of attachment, attached certain goods and chattels of the character and description of those mentioned and described in the plaintiff's first alleged cause of action, and took the same into his custody, from the then defendant, Mary C. Murphy, which this defendant believes to be the goods and chattels referred to in the said first alleged cause of action in the complaint in this action.

3. That afterwards, to wit, on the twenty-seventh day of February, A. D. 1886, a judgment was rendered in said court in said action, in favor of the said Charles A. Baker, as receiver of the First National Bank of Livingston, and against the said Mary C. Murphy, for the sum of $284.65, besides costs and accruing costs of said action, as by the docket of said justice's court, and the papers on file in said action, more fully appears.

4. That afterwards, on the third day of March, A. D. 1886, execution against the property of the said Mary C. Murphy, based upon such judgment, was duly issued out of said justice's court, and directed and delivered to this defendant, as sheriff of said county of Gallatin, for service, whereby, after containing the statement and recital of the matters required by law to be stated and set forth in such case, and after setting forth that the sum of $284.65, besides costs of keeping the property attached as aforesaid, was then actually due on said judgment, this defendant was, in substance, commanded to satisfy said judgment out of the personal property of said judgment debtor within this defendant's county, and to re-

turn said execution within forty days after its receipt by him, as required by law.

5. That under and by virtue of said execution, this defendant, as the sheriff of the said county of Gallatin, and not otherwise, levied upon the goods attached, as hereinbefore stated; and also levied upon and took into his custody, from the possession of the said Mary C. Murphy, the property of the character and description of those described in the plaintiff's second alleged cause of action, in this action, which this defendant believes to be the goods and chattels described in said complaint of the plaintiff in this action; and that said levy, attachment, taking, and detention, as aforesaid, constitute the supposed wrongful taking in the complaint alleged.

6. And this defendant further, upon his information and belief, avers that said goods attached and levied upon as aforesaid were, at the time of said attachment and levy, the property of the said Mary C. Murphy.

7. Defendant further alleges that on the seventeenth day of March, A. D. 1868, after he had sold sufficient of the property described in said complaint to satisfy said execution in the manner provided by law, he returned to said Mary C. Murphy, the person from whom said property was taken, two of said cows, of the value of ninety dollars.

8. Defendant further alleges, upon his information and belief, that about six months prior to the commencement of this action, and at the time of the alleged taking of the property described in the complaint, the said Mary C. Murphy was largely indebted to many creditors besides the said Charles A. Baker, receiver as aforesaid; that said Mary C. Murphy held possession of said property at the time of the alleged taking set forth in the complaint in this action; that said plaintiff in this action was well aware of the financial condition of the said Mary C. Murphy; that the plaintiff in this

action connived and conspired with the said Mary C. Murphy for the purpose of cheating and defrauding her said creditors, in this, that said Mary C. Murphy was the owner of the property in the complaint in this action described, and furnished the money with which to purchase the same, and did purchase the same, and it was agreed between the said Arthur W. Miles, the plaintiff in this action, and the said Mary C. Murphy, that the property should remain in the possession of said Mary C. Murphy, and that the title should stand in the name of the said Arthur W. Miles, so as to prevent its seizure by any creditors of the said Mary C. Murphy, and so that the said Arthur W. Miles might assert an ownership to said property, when in truth and in fact said asserted ownership is false and fraudulent, and made only by connivance with the said Mary C. Murphy, for the purpose of defrauding her said creditors.

The replication was as follows: —

Now comes the above-named plaintiff, and for replication to defendant's answer on file herein, admits that, at the time of taking of the property described in plaintiff's complaint, the defendant was the sheriff of Gallatin County, Montana Territory. 1. Denies that said property at the time of the seizure thereof by the defendant, or at any time, was the property of Mary C. Murphy; 2. Denies that on the seventeenth day of March, A. D. 1886, after the sheriff's sale, as mentioned in the defendant's answer, defendant returned two cows to Mary C. Murphy, as the property of said Mary C. Murphy, or as the property of any other person except the plaintiff herein; 3. Denies that the said Mary C. Murphy was ever the owner of said cows, or that the said Mary C. Murphy ever furnished the money to purchase the same, or that the said Mary C. Murphy did purchase the said cows; 4. Denies that the said Mary C. Murphy was ever in the possession of the cows described

in plaintiff's complaint, except as the lessee of the plaintiff; 5. Denies that the plaintiff ever connived or conspired with the said Mary C. Murphy, or with any other person or persons, for the purpose of cheating or defrauding the creditors of the said Mary C. Murphy; 6. Denies that there was ever, at any time, any agreement between the plaintiff and the said Mary C. Murphy that the said Mary C. Murphy should remain in possession of the said cows, and that the title should stand in the name of the plaintiff so as to prevent their seizure by any of the creditors of the said Mary C. Murphy, for the fraudulent purpose of defrauding any of the creditors of the said Mary C. Murphy, or any other person or persons.

The verdict of the jury was as follows: –

Arthur W. Miles v. A. J. Edsall.

We, the jury in the above-entitled action, find the issues for the plaintiff, and assess his damages at six hundred dollars, the value of the property, and interest from the twelfth day of February, A. D. 1886, at ten per cent per annum.        A. L. CORBLY, Foreman.

BACH, J. This is action of claim and delivery. In his answer, the defendant, who was sheriff of Gallatin County, admits taking the property, and justifies the taking by asserting that one Mary C. Murphy was the owner and in possession of the property, and that he took the same under and by virtue of certain writs of attachment and execution, issued in actions wherein Charles A. Baker was plaintiff, and the said Mary Murphy was defendant. The pleadings in the case consist of the complaint, the answer, and the replication. Defendant made a motion for judgment on the pleadings, upon the ground that the replication did not specifically deny the new matter set out in the answer. The motion was denied, and properly so. The denials contained in

the replication are as specific as are the allegations which they meet, and each denial controverts the substance and spirit of the allegation in the answer.

Upon the trial of the cause, the plaintiff introduced evidence tending to prove that he bought the cattle which are the subject of the action; that after his purchase he leased the same to Mary C. Murphy at a certain rent, with the understanding that she could purchase the same at any time during the hiring, at a certain price, by paying to him the difference between the said price and the rent theretofore paid by her; that prior to the commencement of the action, the lease had expired, and the purchase price had not been paid or tendered; also that the agreement was that the title should remain in the plaintiff until the purchase price was paid. On the other hand, the defendant sought to prove that the sale to Miles was really a sale to the said Mary Murphy, and that the lease between the plaintiff and Mary Murphy was executed in order to conceal her ownership and defraud her creditors. There is a conflict of testimony upon the facts, and this court will not disturb the verdict upon the ground that it is contrary to the evidence. Taking the facts as proved by the plaintiff, they do not constitute fraud in law.

In *Heryford* v. *Davis*, 102 U. S. 235, the court say that a lease with the privilege of purchasing might be a valid contract as a lease with conditional sale; although, upon the facts in that case, the contract was held void as against creditors, because it appeared from the evidence in the case that the lease was in fact a mortgage given by the vendee to secure the purchase price.

In *Harkness* v. *Russell*, 118 U. S. 663, Mr. Justice Bradley, commenting upon the last cited case, says (page 680): "It was agreed by the court, in the opinion delivered by Mr. Justice Strong, that if the agreement had really amounted to a lease, with an agreement for condi-

tional sale, the claims of the vendors would have been valid."

In the case of *Heryford* v. *Davis*, the vendees gave their notes for the entire purchase price; there was no rent reserved by the so-called lease; and it was provided that if the notes were not paid, any sum collected thereon should belong to the vendor, who might retake the property, sell the same, and apply the proceeds to the payment of any amount due and unpaid upon the notes. It was held that the agreement was in fact a mortgage. The lease in this case contained no provisions not common to every lease of personal property, and the parol agreement for a conditional sale was valid, even as against creditors. See *Harkness* v. *Russell*, 118 U. S. 663; *Heinbockle* v. *Zugbaum*, 5 Mont. 344; *Silver Bow M. & M. Co.* v. *Lowry*, 6 Mont. 288.

Speaking of the agreement between himself and Mary C. Murphy in regard to some of the cattle, the plaintiff testifies as follows: "Mr. Herron [plaintiff's vendor] came to me, and said Mrs. Murphy said I was going to buy these cows, and lease them to her. He wanted to sell them to her and get the cash. I told him that I had made such an arrangement with Mrs. Murphy [referring to lease of the other cattle], but this time I hated to do it. I gave him the money. A man named Donovan made out the bill of sale. When I saw it I found it was made out to Mrs. Murphy. I told him that was not the agreement. Then I thought I could take her note for it. I said, 'Let it go, and when you come down with the calf we can change it.'" The evidence further shows that the bill of sale was accordingly made out directly to the plaintiff. There was no unconditional acceptance by the plaintiff as the agent of Mary Murphy; no such delivery as would enable her to demand the possession of the three cattle. The plaintiff testifies that he never asked her for the note; he says he determined

not to do so. The only final acceptance was by the plaintiff in person.

In *Middlesworth* v. *Sedgwick*, 10 Cal. 393, cited by appellant, the transaction was solely between the vendor and vendee, and was complete; and it was accordingly held that the return of the bill of sale to the vendor was not a return of the title to him.

The verdict in this case is to some extent irregular, but section 267 of the Code declares, "But failure to find all the facts mentioned in this section shall not invalidate the verdict."

The judgment and order denying the motion for a new trial are affirmed, with costs.

*Judgment affirmed.*

McConnell, C. J., and Galbraith, J., concur.