GOODKIND, APPELLANT, *v.* GILLIAM, RESPONDENT.

[Submitted March 25, 1897.   Decided April 12, 1897.]

*Conditional   Sale—Estoppel—Instructions.*

CONDITIONAL SALE—*Estoppel.*— Plaintiff sold to "L" certain chattels; the terms of the sale provided that title should remain in the vendor until the purchase price was paid; plaintiff afterwards took a chattel mortgage on the property from "L," which he foreclosed; plaintiff was the purchaser at the sale; he then turned the property over to 'L" under the original agreement; held that plaintiff was not estopped to deny "L" title, in an action to recover the property which had been seized by a creditor of "L."

INSTRUCTIONS.—In an action to recover the chattels, in which the evidence established the facts above stated; held. it was error to charge the jury in the language of the statute concerning fraudulent conveyances; because the instruction was not applicable and was misleading.

*Appeal from District Court, Jefferson County.   Frank Showers, Judge.*

ACTION by Edward I. Goodkind against Alexander Gilliam. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals.   Reversed.

Statement of the case by the justice delivering the opinion.

This is an action to recover the possession of personal property. The property consists of a billiard table and bar fixtures, such as ordinarily pertain to a billiard saloon, which are alleged to be of the value of $1,000. The complaint alleges

the plaintiff to be the owner, entitled to the possession of the property, and charges the defendant with wrongfully taking possession, and converting and disposing of the same to his own use. The allegations of the complaint are denied by the answer; and the defendant then alleges affirmatively that he is the sheriff of Jefferson county, and attempts to justify the taking of the property mentioned in the complaint by virtue of a writ of attachment issued out of a justice's court in Jefferson county on the 11th day of January, 1895, in an action before such justice of the peace, wherein one J. B. Maxfield was plaintiff and one J. B. Loeb was the defendant. The property was attached by the sheriff under said writ of attachment in the possession of said Loeb. The case was tried to a jury. The evidence substantially shows that the plaintiff in this suit had for a long time been the owner of the property in question, and that some years ago he made a conditional sale thereof to said Loeb, the conditions of which were that Loeb should take possession of the property and use the same; that he should pay the taxes thereon, and should carefully use it; and that the title, during the time Loeb had possession of the goods, was to remain in the plaintiff until Loeb should fully pay therefor. Under this agreement, Loeb had possession of the property some years, during which time some attorney, it seems, advised the plaintiff that he had better take a chattel mortgage from Loeb on the property, and have the same properly recorded in Jefferson county. This the plaintiff did. This mortgage, it appears, was either renewed, or new mortgages given, from time to time. Finally it seems that, Loeb failing to pay for said property, or to comply with his agreement in relation thereto under the mortgage, plaintiff had the sheriff of Jefferson county take charge of the property under the terms of the mortgage, and foreclose it. The property was, under these foreclosure proceedings, by the sheriff, turned over to one Sparling, who took and held possession for some days as the agent of the plaintiff. Some time thereafter the plaintiff turned the property over again to Loeb under the original contract of conditional sale, and Loeb kept possession

thereof under such conditional sale until it was levied on by the sheriff under the Maxfield attachment, referred to above. The plaintiff, having ascertained that the property had been attached by Maxfield in the suit against Loeb, made a written demand for the possession thereof upon the defendant, who refused to deliver the goods to him. The defendant in this case offered no evidence to rebut the evidence of plaintiff's title as stated above. It seems that the defendant offered some proof showing the possession of the property in Loeb, and the execution of the chattel mortgage from Loeb to Goodkind of the goods; proceeding, seemingly, upon the theory that thereby the plaintiff was estopped from claiming to be the owner and entitled to the possession of the goods in question. Verdict and judgment thereon were rendered for defendant. Plaintiff appeals from the judgment and an order denying a new trial.

*S. H. McIntire* and *H. G. McIntire,* for Appellant.

PEMBERTON, C. J.—The validity of the conditional sale by plaintiff to Loeb is not attacked by the defendant. The instructions of the court proceed upon the theory that the contract of sale of the property by plaintiff to Loeb was valid, and that plaintiff's rights were amply protected and preserved by such arrangement. The validity and regularity of the chattel mortgage from Loeb to plaintiff are not disputed. It seems from the course of the examination of the witnesses by counsel for defendant that the contention of the defense was that the plaintiff, having accepted the chattel mortgage from Loeb, was estopped from asserting his own title in the case. But, if he did admit Loeb's title by accepting the mortgage, he got rid of it by foreclosure. These foreclosure proceedings are not attacked. Under these proceedings, plaintiff got the possession of the goods. Afterwards he turned them over, under the original agreement with Loeb that he was to have title when he paid for the property. It nowhere appears that Maxfield was ever misled, or gave credit to Loeb on the belief that he was the owner of the property.

The records of Loeb's title showed that his title had been foreclosed. So that, instead of the records showing title in Loeb, they showed the contrary. There is no ground for invoking the doctrine of estoppel in this case.

For some reason the court, after charging the jury very fairly as to the law of the case, gave this instruction: "Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by the immediate delivery, and be followed by an actual and continued change of possession, of the thing sold and assigned, shall be conclusive evidence of fraud, as against the creditors of the vendor, or the person making such assignment, or subsequent purchasers in good faith." There is no evidence in the case that would render the giving of this instruction proper. It seems that the giving of it was prejudicial to the plaintiff, for it was calculated to mislead the jury into the belief that the plaintiff had sold the property to Loeb under such circumstances as to bring the sale within the statute of frauds. (*Walsh* v. *Mueller*, 18 Mont. 180, 40 Pac. 292, and cases cited; Thomp. Char. Jur. § 63.) We think the verdict is not supported by the evidence. The court erred in refusing a new trial, and in giving the instruction treated above. For these reasons the judgment and order appealed from are reversed, and the cause remanded for new trial.

*Reversed and Remanded.*

HUNT and BUCK, JJ., concur.