BENNETT BROTHERS CO., APPELLANT, *v.* TAM, DEFEND-ANT, FITCHETT, INTERVENOR AND RESPONDENT.

[No. 1243.].

[Submitted July 5, 1900.   Decided November 19, 1900.]

<table>
<tr><td>24</td><td>457</td></tr>
<tr><td>26</td><td>298</td></tr>
<tr><td>24</td><td>457</td></tr>
<tr><td>29</td><td>68</td></tr>
<tr><td>24</td><td>457</td></tr>
<tr><td>f36</td><td>404</td></tr>
</table>

*Replevin — Sales — Conditional Sales—Liens — Chattel Mortgage—Retaking Property—Demand.*

1. It is a conditional sale, and not an absolute sale with retention of lien, where the contract provides that the condition of the sale is that title, ownership or right of possession does not pass till the note taken for the articles is paid, and that in case of default, or attempt to dispose of the articles without consent of the sellers, they shall have the right to retake them, and in such case all money paid on the purchase price shall belong to them as stipulated damages; that they also shall have power to declare the note due and take possession of the articles at any time they deem themselves insecure; and that the full, absolute, and complete title to the articles shall pass to the purchaser on full payment of the purchase money.
2. Under the laws of Montana, a conditional sale (*i. e.* not an absolute sale with retention of lien), is not in effect a mortgage and is not void as to innocent third parties, though never acknowledged and recorded with an affidavit.
3. Even if a contract of conditional sale be void, it does not avail the purchaser, or one claiming under him, in an action by the seller for the chattels, as title remains in the seller.
4. One making a conditional sale of chattels does not lose his right to retake them for non-payment of purchase price by failing to act immediately on learning of a resale to another, and by thereafter collecting part of the purchase money from the original purchaser.
5. There is a sufficient demand to sustain an action of claim and delivery; the demand being for payment of the balance of the purchase money, or that the article purchased be delivered up, and the reply being that it could be obtained only "at the end of two law suits."

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by the Bennett Bros. Company against K. D. Tam.

S. F. Fitchett intervened.    Judgment against plaintiff, and it appeals.    Reversed.

## STATEMENT OF THE CASE.

Action in claim and delivery.    On April 8, 1896, the plaintiff was the owner and in possession of the property involved in this suit, and on that day sold and delivered the same to John I. Pittman under the following written contract, signed by the said Pittman and one J. V. Lemon:

"$125.00.

Butte, Montana, Apr. 8th, 1896.

On or before the 8th day of July, 1896, for value received, we or either of us promise to pay Bennett Brothers Company, or order, one hundred and twenty-five and $\frac{no}{100}$ dollars, payable in currency funds, with interest at the rate of no per cent. per mo. from date, 189—, to maturity, 189—; and, if not paid when due, interest to be at the rate of $1\frac{1}{2}$ per cent. per mo. from maturity until paid, both before and after judgment, and twenty per cent. of full amount for attorney's fees if suit shall be instituted on this note for collection."

"The express condition of the sale, purchase, and delivery of the articles described on the back of this instrument is such that the title, ownership, or right of possession does not pass from the said Bennett Brothers Co. until this note and interest and all other notes and interest taken for the said articles are paid in full; and in case of default in the payment of any part of said note, principal or interest, when due, or of any judgment rendered thereon, or in case of any attempt to incumber, dispose of, or to remove said articles from the county of S. Bow, in the state of Montana, without the written consent of Bennett Brothers Co., its agents or assigns, the maker or purchaser shall, on demand, deliver said articles to the said Bennett Brothers Co., its agents or assigns, in as good condition as when received, reasonable use and wear thereof excepted, and the said Bennett Brothers Co., its

agents or assigns, shall have the right to enter upon any premises where the said articles may be found, using such force as may be necessary to enter and take the same; and in case said Bennett Brothers Co., its agents or assigns, shall retake possession of the said articles, all moneys paid on the purchase price thereof shall belong to the said Bennett Brothers Co., or its assigns, as stipulated damages for the non-fulfillment of this contract for depreciation of the value of said articles, and for use or rental of said articles while the same remained in the possession of the purchaser. The said Bennett Brothers Co., or its assigns, have full power to declare this note due and to take possession of the said articles at any time they may deem themselves insecure, — even before the maturity of this note.

"In the event of the payment of all notes, principal and interest, taken for said articles, and of any judgment or judgments obtained thereon, the full, absolute, and complete title to said articles shall pass to and vest in the purchaser thereof, the maker of this note.

"Due July 8th, 1896.

[Signed]   John I. Pittman,   [Seal.]
                    J. V. Lemon,      [Seal.]"

"The subject of the contract is described upon the back of this instrument as a "Peerless buggy, Jackson springs."

The complaint alleges generally ownership and right of possession of the property in the plaintiff, that its value is $100, and that defendant Tam wrongfully detains the same from plaintiff after demand for its return. This defendant, in her answer, puts in issue all the allegations of the complaint, except as to the value, and alleges title in herself by purchase from defendant Fitchett. After the issues were made up between plaintiff and defendant Tam, upon application for that purpose, the plaintiff interposing no objection, Fitchett was allowed to intervene, and to be substituted for the defendant Tam. This substitution was made upon a showing by Fitchett that some time before the suit was brought he had

purchased the buggy from Pittman in good faith and for value, without knowledge of any claim thereto by plaintiff; that thereafter he had sold the same to defendant Tam under an agreement that he would protect her against any suit brought to recover it from her; that defendant Tam, as he was informed, did not intend to defend the action in good faith; and that he was therefore interested in having a defense made to the action, to the end that he might protect himself from a suit for damages by defendant Tam upon his agreement with her. In his complaint of intervention, besides denying generally all of plaintiff's allegations, he states affirmatively the facts touching his purchase from Pittman, and avers that if plaintiff ever had any rights to the possession of the buggy, or any lien thereon, such right had been forfeited by reason of plaintiff's "fraud, neglect and laches" in permitting Pittman to retain possesion of it under a claim of ownership, and to sell it to the intervenor without notice to him, constructively or otherwise, of its claim.

To this complaint plaintiff interposed a denial. The contract was not recorded with the clerk of Silver Bow county. At the trial the plaintiff rested its case upon the contract and proof of default in payment according to its terms, and that there was due and still unpaid, of the purchase price named therein, the sum of $65, with accrued interest. It further appeared that Fritchett purchased the buggy from Pittman on July 15, 1896, for $65, without knowledge of plaintiff's claim, and that some time about the close of the year he sold it to the defendant Tam under an agreement to protect her against any suit by the plaintiff. All payments upon the purchase price were made by Pittman at different times after the sale to Fitchett, and at least one of them, amounting to $25, was made after the agents of plaintiff were informed that Fitchett had purchased the buggy. In the early part of December, 1896, one of the agents of plaintiff demanded of Fitchett that he either pay the balance due under the contract, or deliver up the buggy to plaintiff. Fitchett replied that he would do neither; that he had purchased the buggy honestly, that it was his,

and that the only way that plaintiff could get it "was at the end of two lawsuits." There was no proof showing what, if any, interest Lemon had under the contract. Pittman was in possession of the buggy until it was sold to Fitchett. Defendant Tam took no part in the trial of the cause. It was assumed by the Court and both parties that Fitchett was the defendant in interest, and he was so treated. After the evidence was heard, counsel for defendant Fitchett moved the Court to direct a verdict in his favor upon the following grounds: (1) That the contract upon which plaintiff relies for recovery is a contract for a lien only, and that no recovery can be had upon it under an allegation of ownership; (2) that, though binding as between the parties, it is void as to innocent purchasers; (3) that it is void because it provides for a forfeiture, upon default in the payment of the purchase price named therein, of all payments already made, and deprives the makers of the right of redemption; and (4) that plaintiff lost any right it had to enforce the contract by reason of its neglect to do so promptly after default, and by accepting payments from Pittman with knowledge of his sale to Fitchett. This motion was sustained generally, and the jury were instructed to find upon the question of value and damages only, and to render a verdict accordingly. The jury found the value to be $65, and the damages $1. Judgment was thereupon entered. The plaintiff has appealed from this judgment, and an order denying it a new trial.

*Mr. Robert McBride,* for Appellant.

*Messrs. Shropshire & Gilchrist,* for Respondent.

In view of the facts we claim: (1) That in any event the plaintiff had only a lien upon the buggy for the purchase price, for which this action of replevin will not lie. (2) That even if the plaintiffs had any rights under the conditional sale note as against this intervenor, they waived them by their fraud, laches and conduct. (3) That such a transaction as is evidenced by the note in question is not countenanced nor

permitted by the Code as against purchasers in good faith without notice.

We are aware of the several decisions of this Court adhering to the early rule of the common law and the decisions of several states, but none, as we contend, of the decisions of this Court, and but few of the numerous authorities in other states, involve the precise questions raised here. (*Heinbockle* v. *Zugbaum*, 5 Mont. 344; *Sanford* v. *Gates, Townsend & Co.*, 21 Mont. 277, 53 Pac. 749; *Goodkind* v. *Gilliam*, 19 Mont. 385, 48 Pac. 548.)

Our research has disclosed a very decided conflict of authorities on the question of the validity of conditional sales, and notwithstanding the unguarded dicta of some of the courts, the authorities are not "overwhelming" on either side. It has been held: "The general doctrine of the American cases is not universally conceded, and there are many cases holding that, where chattels are sold and delivered conditionally, that the vendor's right to the property will remain good as against the vendee and his voluntary assignee, but not as against a bona fide purchaser without notice." (3 Ency. of Law, 436.)

Following the above citation is a long list of authorities showing that they are very nearly equally divided on the question. Notwithstanding this, however, and the tendency of the later decisions, the question here is what are the rights of third parties in cases of this kind under the statutes? It will be conceded that, if our code requires such transactions to be recorded, they are void as to third parties if they are not; and if the terms of the conditional sale are in any respect repugnant to the statute, they are equally void. It will be seen that in most of the states heretofore holding to the common law, the rule has been changed by statute, so that the authorities which are and might be further cited by appellant, are of no binding force, if our statute has changed the rule, as we contend it has. In the 21 Ency. of Law is cited 18 states which have thus changed the rule. (21 Ency. of Law, 654, n.) In addition to these 18 states can be cited Connecticut, Washington, Idaho, Wyoming, Colorado and Missouri, which

have changed the rule. If, as we contend the plaintiff's only had a lien, on the property, this action cannot be maintained.

This is a replevin action in which the plaintiff alleges ownership. They must prove ownership, or fail; they cannot fall back on a mere lien. If a lien only, the statute prescribes the manner in which it must be foreclosed. (Cobby on Replevin, Sec. 601; *Hudson* v. *Swan*, 83 N. Y. 552; *Parry Mfg. Co.* v. *Myton*, 54 Pac. 291.) Are the plaintiff's estopped to enforce the condition of this note by their laches? Considering the circumstances, of accepting payments, with knowledge of the disposition of the buggy, extending the time, and delaying to assert their claim is evidence of an intent to waive the condition and to hold Pitman. There is sufficient also in the record to raise a suspicion of fraud and collusion between Tam and the plaintiff's to defeat Fitchett. (*Robbins* v. *Phillips*, 68 Mo. 100; *Hutchings* v. *Munger*, 41 N. Y. 155.)

It is a well established principle of law that where a party has the right to exercise an option in a certain event, he waives his right to insist upon the option, if, after the happening of the event, he recognizes the changed condition of affairs. This is certainly what the plaintiffs did by accepting payments, extending the time, and delaying to assert their claim. (*Nagel* v. *League*, 70 Mo. App. 487.) In a Massachusetts case, while the Court held to the validity of conditional sales, a party having the right to enforce an option might waive it by laches. This was a case where a party having the right to require security, waited only eight days after delivery without demanding the security, and it was held that the right to demand the property was waived as to the attaching creditors. (*Smith* v. *Devine*, 17 Am. D. 368.) But we contend the plaintiff cannot enforce the condition of this contract under the statute as against the intervenor. This is the principal question, and it involves the validity of the contract, so far, at least, as its principal conditions are concerned.

.   The first question is whether or not the contract comes within the recording acts. If it does, then it is plain that the plaintiffs have only a lien, the same as if it was a mortgage. (Civil

Code, Sec. 3871.) It is conceded that there are authorities which hold that these conditional sale contracts do not come within the recording acts; but it is also held that where it is not clear whether the instrument evidences a conditional sale or mortgage, the preference will be given to the latter construction, thus bringing them within the acts. (20 Ency. of Law, Secs. 537-8.) But the courts are now beginning to hold that these reservations of title operate as mortgages. (44 S. W. 124; 3 Ency. of Law, 437 n.; *Kintle* v. *Cushing*, 44 Am. R. 598; *Lucus* v. *Campbell*, 31 Am. R. 81 n.) Sec. 3871 of our Code is the same in principle as the Illinois Code, and in substance as the Iowa Code, and under these the courts of these states have held that such contracts should be recorded. (*Hervey* v. *Loco. Works*, 93 U. S. 664; *Fosdick* v. *Schall*, 99 U. S. 235; *Myer* v. *Car Co.* 102 U. S. 1.) The statute of Missouri is also similar, and the Supreme Court of the United States, construing it, says: "The plain purpose of this statute was to render secret liens upon personal property ineffectual as against purchasers and creditors." (*Herryford* v. *Davis*, 102 U. S. 235.) The Kentucky statute has been held by the Federal Court to include conditional sales, as to recording. (*Hart* v. *Barney Smith & Co.* 7 Fed. 543.)

In view of these authorities, it would seem that the foregoing provision of the Code should be construed to include conditional sale contracts, but there is another provision bearing somewhat on the question as well. (Civil Code, Secs. 3813-14.) This question has been thus far presented on the supposition that the contract in question was a valid one in other respects. We now come to the question of its invalidity in respect to certain of its terms. In these respects we contend that it was a contract that Pitman had no right to make and the plaintiffs no power to enforce. It was not good as between the parties, and void as to the intervenor who purchased without notice. In the first place the Code seems to discountenance, if not directly prohibit, conditional sales with the usual conditions of such instruments, and the only direct reference to them is in respect to railroad equipment, and they

may be made valid under certain conditions. (Civil Code, Sec. 930.) An owner may lose his property by placing it in possession of another with power to sell. (Civil Code, Sec. 1542.) A contract providing for the forfeiture of property and restraining the right to redeem is void. (Civil Code, Sec. 3751.) The whole policy of our law, expressed and otherwise, is opposed to secret liens and forfeitures, and it must be conceded that after Pitman had made the payments he did, he acquired an interest in the property subject only to the lien of the plaintiffs. (Civil Code, Sec. 3780.) The statute does not permit parties to make unconscionable contracts, and where a party agrees to pay damages in anticipation of the amount that will be sustained, the contract to that extent is void. (Civil Code, Sec. 2243; 13 Pac. 858; 44 Pac. 566.)

MR. CHIEF JUSTICE BRANTLY, after stating the case, delivered the opinion of the Court.

The record does not disclose upon which one of the grounds the motion was sustained. It is therefore incumbent upon us to examine them all, and, if any one of them justifies such action, the judgment and order must be affirmed; for, though several other errors are assigned in plaintiff's brief, the questions presented by the motion are the only ones pressed upon our attention.

1. We shall most conveniently consider the first and second grounds together. Our attention is thus invited to the nature of the written contract set forth in the statement. The plaintiff insists that it evidences a conditional sale; defendant insists that the sale was absolute, vesting title to the buggy in the purchaser, subject only to a lien in favor of the plaintiff, and that this lien was lost when the property passed into the hands of Fitchett. We think plaintiff's construction the correct one. Taking the instrument by its four corners, and deducing from the terms used therein by the parties themselves their intention at the time the contract was entered into, it is manifest that it was the intention of all the parties that the title should not pass to Pittman and Lemon, or either of

them, until the purchase price should be fully paid. The payment is a condition precedent to the vesting of the title, the purchaser obtaining no right whatever to, or interest in, the subject of the contract, except to be vested with the title upon the full performance of this condition, and the possession and use of the property until default, or until the vendor exercises its option, upon deeming itself insecure, to declare the purchase price due, and to resume possession. Contracts of this character have been constantly upheld in this state, whether they have assumed the form of conditional sales, as in this instance, or that of a lease with the right to purchase; and it is well settled under our decisions that *bona fide* purchasers from the person who has possession of property under such a contract obtain no title to it as against the original vendor. This is upon the theory that the purchaser under the contract can convey no better right or title than he himself has. The vendor under such a contract remains the owner, and does not become a mere lienor, and his right to the possession after default, or upon the exercise of his option, is absolute. The case of *Heinbockle* v. *Zugbaum*, 5 Mont. 344, 5 Pac. 897, is determinative of the question here involved. It is there held, in substance, that a sale of chattels on condition that the title shall not pass until payment of the purchase price, though possession be delivered, confers no title on the vendee, or a *bona fide* purchaser from him, until the precedent condition be fully performed. The decision of this case was made after an examination of the decided cases, and by subsequent approval the rule therein stated has become the rule of decision in this Court. (*Silver Bow Mining & Milling Co.* v. *Lowry*, 6 Mont. 288, 12 Pac. 652; *Miles* v. *Edsall*, 7 Mont. 185, 14 Pac. 701; *Goodkind* v. *Gilliam*, 19 Mont. 385, 48 Pac. 548; *Sanford* v. *Gates, Townsend & Co. et al.*, 21 Mont. 277, 53 Pac. 749.)

It is argued by the defendant that, notwithstanding the rule laid down by these cases, the contract in question is void as to the defendant, because it was never acknowledged and recorded with an affidavit of all the parties attached, as required by the

provisions of Article III of Chapter II of Title XIV of the Civil Code, pertaining to mortgages of personal property. Sections 3861–3865 of that Code prescribe the requirements necessary to be observed in executing a mortgage, and Section 3861 provides that the omission of these requirements renders the contract void as to the creditors of the mortgagor and subsequent purchasers and incumbrancers of the property in good faith for value.    Section 3871 also further provides: "The provisions of the foregoing sections of this article shall extend to all such bills of sale, deeds of trust, and other conveyances of goods, chattels, or personal property, as shall have the effect of a mortgage or lien upon such property." A mortgage, under our Code, is a mere lien (Civil Code, Sec. 3815), and a lien is defined as "a charge imposed in some mode other than by a transfer in trust upon specific property, by which it is made security for the performance of an act" (Civil Code, Sec. 3730).    Examining Section 3871 with this definition in mind, we see at once that it has no reference to conditional sales like the one in question.    Such contracts do not have the effect of a mortgage, nor is the situation of the parties with reference to the subject of the contract the same in case of the former as in case of the latter.    In case of a conditional sale the absolute ownership remains in the vendor, while the vendee holds possession as a bailee or lessee, as the case may be, determinable by the vendor upon default or abuse of the property by the vendee before that contingency occurs. Under a mortgage contract such as is contemplated by the provisions of the statute referred to, a specific charge is fixed upon the property in favor of the mortgagee as security for the performance of the other stipulations of the contract by the mortgagor, he retaining both the title and possession until default.    In the former case the rights of the vendee to the possession of the property are terminated by a resumption of possession by the vendor.    Under the mortgage contract, though the mortgagee may take possession, the rights of the mortgagor can be terminated only by foreclosure, or by stipulation of the parties.    In each case it is a matter of intention

of the parties, and this Court, in laying down the rule of decision in the cases cited, has been guided by this intention as expressed by the parties, notwithstanding the provisions of Section 3871, which was among our statutes at the times these various decisions were rendered. (Revised Statutes 1879, Fifth Division, Sec. 905; Compiled Statutes 1887, Fifth Division, Sec. 1549.) The contract under consideration is not, in effect, a mortgage, nor is it void as to innocent third parties; and it was error in the trial court to so hold.

2. Defendant argues that, though the trial court erred in sustaining the motion on the grounds just noticed, its action can still be justified upon the third ground stated, and insists that the contract is void because it is in conflict with Section 2243 of the Civil Code, which provides: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section." Whether the stipulation mentioned comes within this provision or not is a question not necessary to be decided in this case. In any event, the denunciation is directed at the particular agreement designated by the statute, and leaves the contract otherwise intact, to be enforced according to the intention of the parties, just the same as if this clause had been omitted. If, however, it be conceded that the contract is wholly void, this would not aid the defendant. The plaintiff's title does not depend upon the contract. It had full title when the contract was made. The title could not pass to Pittman under a void contract. Therefore Pittman acquired no title, and could confer none upon Fitchett. The plaintiff would still be entitled to recover. The statutes regulating the right of redemption have no application to this case, because the plaintiff has never parted with its title. (*Sanford* v. *Gates, Townsend & Co. et al.*, *supra*.) Under no view of the question presented by this ground of the motion can the action of the district court be sustained.

3. Nor can its action be sustained upon the last ground stated in the motion. There is nothing in the proof which

tends to show that the plaintiff did anything to deceive or mislead Fitchett and Tam, or either of them, to their injury, or that either made purchase of the buggy upon an inducement, real or apparent, held out by any of plaintiff's agents.    True, Fitchett purchased without actual knowledge of the condition of the title, but he got no better right than Pittman had, and Tam obtained no better right than did Fitchett.    If plaintiff chose to defer action against Fitchett, and endeavored to induce Pittman to fulfill his agreement, accepting payments from him, after knowledge of the sale to Fitchett, this was an act of grace on its part to the advantage of Fitchett, and he stands in no attitude to complain.    (*Van Allen* v. *Francis*, 123 Cal. 474, 56 Pac. 339; *Hegler* v. *Eddy*, 53 Cal. 597; *Quinn* v. *Parke & Lacy Machinery Co.* 5 Wash. 276, 31 Pac. 866.)

4.    Finally, defendant insists that the judgment and order of the district court should be affirmed because the proof fails to disclose a formal demand made upon him before this action was begun.    There is no merit in this contention.    The proof shows that the agent of plaintiff demanded of Fitchett in December, 1896, that he either pay the balance of the purchase price or deliver up the buggy, and that Fitchett then stated that he would do neither, that the buggy was his, and that the only way plaintiff could get it "was at the end of two law suits."    Under the circumstances this shows sufficient demand. After the statement thus made by Fitchett, any further demand was entirely unnecessary.    (Cobbey on Replevin (2d Ed.), Secs. 450, 474; Shinn on Replevin, Secs. 304, 305.)

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

Mr. Justice Word, being absent, takes no part in this decision.