STATE EX REL. MALIN-YATES CO., RESPONDENT, *v.*
JUSTICE OF THE PEACE COURT, APPELLANT.

(No. 3,532.)

(Submitted May 12, 1915. Decided June 16, 1915.)

[149 Pac. 709.]

*Justices' Courts—Certiorari—Affidavit—Sufficiency—Attachment—Jurisdiction.*

*Certiorari—*Affidavit—Sufficiency.

1. While the affidavit necessary to be filed in support of an application for a writ of review must set forth the facts which show that the inferior court has acted without or in excess of jurisdiction, one which, with the records incorporated in it, discloses want of jurisdiction is sufficient notwithstanding the formal conclusion that it did so act.

Attachment—Justices' Courts—Discharge—Showing Necessary.

2. Under section 6656, Revised Codes, to justify a justice of the peace in discharging an attachment on the ground that the debt was secured, defendant had the burden of showing that it was secured by a mortgage or lien upon real or personal property or a pledge of personal property, security of any other kind or class being excluded.

Same—Discharge—Security—What does not Constitute.

3. Where personalty is sold under an agreement that title shall remain in the seller until the purchase price is paid, possession being delivered to the prospective purchaser upon giving his note for the amount thereof, the seller did not have a mortgage, pledge or lien to secure its claim against the purchaser, within the meaning of section 6656 above, so as to destroy its right to a writ of attachment in an action on the note.

[As to sale conditional upon the final payment of the purchase price, see notes in 37 Am. Rep. 664; 40 Am. Rep. 21.]

Same—Discharge—Want of Jurisdiction—*Certiorari.*

4.   Where the action in which a writ of attachment was issued belonged to the class in which it could issue and the regularity of the proceedings to obtain it were not attacked, the justice of the peace issuing it had no jurisdiction to discharge it, and his order doing so was subject of correction upon *certiorari* proceedings.

   [As to questions reviewable upon *certiorari,* see note in 40 Am. St. Rep. 291.   As to writ of *certiorari,* when issues and what reviewable upon, see note in 12 Am. Dec. 531.]

*Appeal from District Court, Yellowstone County; Geo. W. Pearson, Judge.*

ACTION in a justice's court by the Malin-Yates Company against Frank C. Andrews, on promissory notes.   A writ of attachment was issued, the attachment discharged on motion of defendant, and from an order annulling the order discharging the attachment on *certiorari,* defendant justice of the peace appeals.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. M. J. Lamb,* for Appellant.

The petition for a writ of *certiorari* is fatally defective for failure to allege any facts showing that the justice's court exceeded its jurisdiction.   (6 Cyc. 784.)   A statement that the inferior court was without jurisdiction is a mere legal conclusion.   (*Southern Oregon Co.* v. *Coos County,* 30 Or. 250, 47 Pac. 852; *Peabody* v. *Buentillo,* 18 Tex. 313; *Gum-Elastic Roofing Co.* v. *Mexico Pub. Co.,* 140 Ind. 158, 30 L. R. A. 700, 39 N. E. 443; *Raper* v. *Dunn,* 53 Or. 203, 99 Pac. 889.)   "A writ of review does not lie when the petition for the writ itself shows on its face that the court below had jurisdiction." (*Hines* v. *Roadhouse* (Cal.), 7 Pac. 837.)

When the justice of the peace granted the motion to dismiss the attachment, he exercised a power specifically granted to justices' courts by the statutes of this state.   (Rev. Codes, secs. 6681, 6683, 7029.)   Whether the decision of the justice of the peace was intrinsically right or wrong was not for the district court to say on *certiorari.*   (*Dahlgren* v. *Superior Court,* 8

Cal. App. 622, 97 Pac. 681; *State ex rel. Whiteside* v. *First Judicial Dist. Court*, 24 Mont. 539, 553, 63 Pac. 395; *Central Pac. R. Co.* v. *Board of Equalization*, 43 Cal. 365; 11 Sutherland's Code Pleading, 1993, 1999, 2002; 6 Cyc. 819, 820, 823, 824.)

Counsel for relator contended before the district court that there being no appeal from a decision of the justice court dismissing an attachment, it must necessarily follow that *certiorari* could be invoked. Under the statutes and decisions of this court that contention has no merit. (*State ex rel. Whiteside* v. *First Judicial Dist. Court, supra; McAnish* v. *Grant*, 44 Or. 57; 74 Pac. 396.)

Under the common law and the statutes of Montana, *certiorari* cannot "be issued to review questions of fact or evidence." (4 Ency. Pl. & Pr. 4.) That no action lies on notes such as those involved in this action until the property described in them has been sold and the proceeds credited on the face of the notes is the rule announced in some jurisdictions. Under the statutes of Montana the affidavit for attachment was fatally defective, because the notes were secured and the affidavit for attachment failed to allege that the security had, without any act of the plaintiff, become valueless. (Sec. 6657, Rev. Code; *Mark Means Transfer Co.* v. *Mackinzie*, 9 Idaho, 165, 73 Pac. 135; *Fisk* v. *French*, 114 Cal. 400, 46 Pac. 161; *Willman* v. *Friedman*, 3 Idaho, 734, 35 Pac. 37; *Murphy* v. *Montandon*, 3 Idaho, 325, 35 Am. St. Rep. 279, 29 Pac. 851.) An instrument reserving title in the vendor is security. (*Mark Means Transfer Co.* v. *Mackinzie, supra.*)

*Mr. F. B. Reynolds*, for Respondent.

The real question is whether or not the reservation of title by vendor in personal property sold, until payment of the purchase price therefor in the manner provided in the notes in question, is security for the payment of the notes or the purchase price. Reservation of title is of value to the vendor only when he elects to waive the payment; hence is not secur-

ity whereby payment is assured. If respondent's contention that such reservation of title is security is correct, such security must be construed to be in the nature of an equitable mortgage, but this court has held that in a contract for the sale of real estate in which title is reserved in the vendor until full payment, which is the same principle involved in this case, such contract is not security for the payment of the purchase price notes, and cannot be treated as an equitable mortgage. (*Arnold* v. *Fraser,* 43 Mont. 540, 117 Pac. 1064.) If, in a land contract, reservation of title in the vendor is not construed as security for the purchase price, then there is no reason why reservation of title of personal property sold, until full payment of the purchase price, should be construed as security for the payment of such purchase price.

The rule seems to be well settled that in the case of sale of a chattel and the giving of a conditional note by the purchaser, wherein the title is reserved in the vendor until the note is paid, the vendor has an option either to resume possession of the property and terminate the contract of sale or to consider it as still subsisting and pursue his remedy upon the note. Having elected to pursue the latter remedy, he waives his right to retake the property. (6 Ency. of Law, 2d ed., 478, 480, 481.)

Under the decision in *Madison River Livestock Co.* v. *Osler,* 39 Mont. 244, 133 Am. St. Rep. 558, 102 Pac. 325, it is evident that when the vendor brings an action upon the note for the payment of the same, he has waived the benefit of the reservation of title expressed in the note, and that he cannot in any way avail himself of such reservation of title to enforce the payment of the purchase price. It is thus apparent that the reservation of title is not security, and if not security, it cannot bar plaintiff's right to an attachment under the statute. In other words, the reservation of title has no bearing whatever upon plaintiff's rights in an action brought strictly for the payment of the purchase price, for his right in that kind of an action remains exactly the same as it would have been if he had received from the vendee a straight promissory note without res-

ervation of title. As this action is brought to enforce the payment of the notes and not for damages or to rescind the contract, plaintiff has never had any security, and is therefore entitled to writ of attachment.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In 1914 the Malin-Yates Company, a corporation, commenced an action in the justice of the peace court at Billings, against Frank C. Andrews, to recover $210 represented by certain promissory notes. A writ of attachment was issued and property belonging to defendant seized. Upon motion of defendant the court discharged the attachment, and this proceeding was thereupon instituted by the plaintiff to secure a review of the order. Upon consideration of the record duly certified to it, the district court annulled the order discharging the attachment, and from that judgment this appeal is prosecuted.

1. It is insisted that the affidavit for the writ of review fails [1] to state facts sufficient to show that the justice of the peace acted without or in excess of jurisdiction. The affidavit recites the history of the case in the justice's court, and by reference contains copies of all the records before that court on the motion to discharge. We agree with counsel for appellant that in order to secure a writ of review, the affidavit must set forth the facts which show that the inferior court acted without or in excess of jurisdiction, and that the mere recital that he did so act is not sufficient. But if the affidavit, with the records incorporated in it, disclose the want of jurisdiction, it is sufficient, and the formal conclusion pleaded cannot detract from such sufficiency.

The affidavit in question discloses that the motion to discharge was determined upon the pleadings then before the court, the affidavit and undertaking on attachment, and the notes sued upon. These several notes are identical in form, five of them for $25 each, and one for $85. Each of the $25 notes contains this provision: "This note is given as the purchase price

for one Studebaker milk wagon, and it is hereby expressly agreed and understood that the title to said property shall be and remain in Malin-Yates Co. until payment of said purchase price is made in full." The other note is the same, except that the property is described as "one 2½" Studebaker Moline wagon complete. Each note provides also that the payee may take possession of the property in case of the maker's default. There is not any contention made that the complaint does not state facts sufficient to constitute a cause of action, or that the affidavit or undertaking is not sufficient in form. The affidavit contains the statement that the payment of the debt sued upon "is not secured by any mortgage or lien upon real or personal property or any pledge of personal property." It is earnestly insisted, however, that upon the presentation of the notes in [2] court it was made to appear to the justice of the peace that the debt was secured; that the allegation in the affidavit to the contrary was untrue, and therefore the case was not such a one as would justify the issuance of the writ. The attachment we are considering is a provisional remedy available in civil actions upon contracts, express or implied, for the direct payment of money, provided only that: "The contract is not secured by any mortgage or lien upon real or personal property, or any pledge of personal property." (Rev. Codes, sec. 6656.) Any other kind or class of security is not inhibited (4 Cyc. 452), and therefore, to sustain the justice of the peace in discharging the attachment, it is not enough for appellant to show that the claim sued upon was secured, but he must sustain the burden of showing that it was secured by a mortgage or lien upon real or personal property or a pledge of personal property.

The transaction evidenced by these notes is frequently designated a conditional sale. The appellation is a misnomer, but [3] the error has become so firmly fixed in our legal nomenclature that its use is now sanctioned by the courts and exercised by the text-writers. In reality the transaction amounts only to an executory agreement of sale accompanied by the delivery of possession to the intending purchaser, to be held by

him pending payment of the purchase price, the title remaining in the prospective vendor until that precedent condition has been met. (1 Mechem on Sales, sec. 563; Rev. Codes, sec. 5082.) That the agreement does not evidence a sale of any character is demonstrated by a reference to our statutory definition of that term contained in section 5079, Revised Codes. The relationship of the parties to the subject matter of such a contract is the determining factor, and the question thus presented ought to be deemed solved by the numerous decisions of this court construing similar agreements. It is settled beyond dispute in this state that under such a contract as is evidenced by these notes, the prospective purchaser does not acquire any title to the property, but that the intending vendor retains title until payment has been made, and that he may maintain claim and delivery to recover the property upon condition broken, even as against an innocent third party. (*Heinbockle* v. *Zugbaum,* 5 Mont. 344, 51 Am. Rep. 59, 5 Pac. 897; *Silver Bow M. & M. Co.* v. *Lowry,* 6 Mont. 288, 12 Pac. 652; *Miles* v. *Edsall,* 7 Mont. 185, 14 Pac. 701; *Goodkind* v. *Gilliam,* 19 Mont. 385, 48 Pac. 548; *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749; *Bennett Bros. Co.* v. *Fitchett,* 24 Mont. 457, 62 Pac. 780; *Madison R. Livestock Co.* v. *Osler,* 39 Mont. 244, 133 Am. St. Rep. 558, 102 Pac. 325.) The recent recording statute protects the innocent third party, but does not affect the parties to the original transaction in their dealings *inter sese.* In the last case cited above, we held further that, notwithstanding the intending vendor retains title, he may maintain an action on the contract for the purchase price.

With these principles settled, the question presented upon this appeal is not difficult of solution. The Malin-Yates Company did not have a mortgage upon real or personal property or a pledge of personal property to secure its claim against Andrews (Rev. Codes, secs. 5731, 5774), and neither did the transaction constitute it a lienor (*Bennett Bros. Co.* v. *Fitchett,* above). So far, then, as this record discloses, its cause of action was one

of the character designated by section 6656 above, in which an attachment might properly issue.

2. It is urged that the writ of review cannot be made to serve the purpose of a writ of error, and in this we also agree with appellant. If the justice of the peace had jurisdiction to dis-[4] charge the writ of attachment, an error of judgment, or an error in the exercise of discretion, could not be corrected upon *certiorari.* But the jurisdiction thus comprehended comprises more than jurisdiction of the parties and subject matter; it includes as well the power or authority to make the particular order in controversy. (*State* v. *District Court,* 35 Mont. 321, 89 Pac. 63; *In re Mettler,* 50 Mont. 299, 146 Pac. 747.) Section 6683, Revised Codes, made applicable to the practice in justices' courts, requires the attachment to be discharged if it appears that the writ was improperly or irregularly issued. This statute considers two classes of cases, one in which an attachment has been issued in an action which does not fall within the class of actions mentioned in section 6656, and the other, one in which the writ has been issued in a proper action, but in which the proceedings to secure it have been irregular. We have determined that the action commenced in the justice of the peace court belongs to the class in which the writ may issue, and since there was not any attack made upon the regularity of the proceedings to obtain it, the justice's court did not have before it anything to move it to order the writ discharged. It had no authority, and therefore no jurisdiction, to make the particular order discharging the attachment, and such order was subject to correction upon *certiorari* proceedings. (Rev. Codes, sec. 7209.)

The order discharging the attachment was made on April 17, 1914. The proceeding for the writ of review was not instituted until April 28, 1914, but there is nothing before us to indicate that any rights of third persons intervened. If they did not, complaint cannot be made of that feature of the judgment which directed the attachment to be reinstated and stand unimpaired. If the rights of third parties are prejudiced by

this judgment, they are not involved in this litigation, and cannot be considered until they are made to appear in an appropriate manner.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

