**FIRST NAT. BANK OF ANCHORAGE v. PIONEER LAUNDRY & CLEANERS, Inc., et al.**
No. A–7502.

District Court, Alaska.
Third Division. Anchorage.
Nov. 21, 1952.

John C. Dunn (of Cuddy & Cuddy), Anchorage, for plaintiff.

Harold J. Butcher, Anchorage, for defendants.

DIMOND, District Judge.

In this case and two other like cases, Nos. A–7504 and A–7505, in which the circumstances are similar, the defendant T. R. Westwood, moves to discharge the attach-

ment of his property made by the plaintiff "for the reason and on the grounds that the affidavit of attachment filed herein by the plaintiff, the First National Bank of Anchorage, Alaska, is false and untrue in that part of said affidavit which states that the *plaintiff has no security* to protect any judgment which might be found herein; * * * "

The relevant portion of our law relating to attachments is to be found in Sec. 55–6–62, Alaska Compiled Laws Annotated, 1949, as follows:

> "First. That the defendant is indebted to the plaintiff (specifying the amount of such indebtedness over and above all legal setoffs or counterclaims) upon a contract, expressed or implied, for the direct payment of money, and *that the payment of the same has not been secured by any mortgage, lien, or pledge upon real or personal property,* or if so secured that the value of the security (specifying its value) is insufficient to satisfy a judgment for the amount justly due the plaintiff; * * * ." (Emphasis supplied.)

The pleadings show that Westwood was engaged in the sale of equipment under conditional contracts of sale; that he made a sale of some of the equipment to the defendant, Pioneer Laundry and Cleaners, Inc., and separately to the other defendants named in Causes Nos. A–7504 and A–7505, taking from each defendant a conditional contract of sale. Westwood thereupon assigned the contracts to the Bank with recourse against Westwood. The legal relations between the Bank and Westwood thus became that of creditor and debtor, Westwood being indebted to the Bank and the Bank holding as security the conditional contracts of sale. The purchasers of the property defaulted and the Bank thereupon sued both Westwood and the purchasers and attached other property of Westwood. Under the provisions of the law relating to attachments above quoted, the Bank officer made an affidavit that the defendants in the action were indebted to the plaintiff in the

sum of $980 with interest "over and above all legal setoffs and counterclaims upon a contract under the direct payment of money, *and that the payment of the same has not been secured by any mortgage, lien or pledge upon real or personal property.* * * * " (Emphasis supplied.)

It is to be noted that although the motion to discharge the attachment says that the affidavit for attachment is false and untrue in that part of the affidavit which states *"that the plaintiff has no security* to protect any judgment which might be found herein", the affidavit in fact follows. the language of the statute and avers that the payment of the debt "has not been secured by any mortgage, lien or pledge upon real or personal property". The difference between the language of the motion and that of the statute and of the affidavit is highly material. (Emphasis supplied.)

By enactment of the law, Congress did not require an affidavit stating that there was no security for the debt but rather that the payment of the debt had not been secured by any mortgage, lien or pledge upon real or personal property.

The question now is whether a conditional contract of sale assigned to another for security of payment of indebtedness is a "mortgage, lien or pledge upon real or personal property". Obviously it is none of these. While the Supreme Court of Idaho in several cases has arrived at a different conclusion, Mark Means Transfer Co. v. MacKinzie, 1903, 9 Idaho 165, 73 P. 135 and Barton v. Groseclose, 1905, 11 Idaho 227, 81 P. 623, the better reasoned and more convincing statement of the law has been announced by the Supreme Court of Montana in State ex rel. Malin-Yates Co. v. Justice of the Peace Court, 1915, 51 Mont. 133, 149 P. 709. Without abandoning reason and logic, it cannot be held that a conditional contract of sale such as the one in question is either a mortgage, a lien or a pledge. Evidently the lawmakers did not attempt or in-

tend to embrace in the statute all possible forms of security that might exist for the payment of a debt but only mortgages, liens and pledges. The plain rules of statutory construction require the Courts to give effect to the explicit and limiting language of a statute, where general language could have been used to embrace all types of a class.

It is to be noted that in both Montana, R.C.M.1947, § 93–4301, and Idaho, I.C. § 8–502, the respective statutes there construed are substantially the same as ours, the language being "mortgage or lien upon real or personal property, or any pledge of personal property."

In California the corresponding Code provision, Code Civ.Proc. § 537, subd. 1, is, "not secured by any mortgage, deed of trust or lien upon real or personal property, or any pledge of personal property". While the decisions of the Courts of that State on the subject are not uniform, in the latest one found, Hougham v. Rowland, 1938, 33 Cal.App.2d 11, 90 P.2d 860, 863, the District Court of Appeals for the Fourth District has held that a conditional sales contract does not constitute any mortgage or lien or pledge and that an attachment may properly be made. The following quotation from the opinion well expresses the views of this Court:

> "If we are, therefore, to be guided by the plain meaning of the statute, it would follow that appellant was entitled to the writ of attachment. The only ground upon which this conclusion could be avoided would be that the statute contemplates other security as well as those which are specifically mentioned. We think the statute having specified the four particular kinds of securities, to-wit, mortgage, trust deed, lien and pledge, by implication there would be excluded any other species.
>
> "It seems to be the well-settled rule that statutes permitting and providing for the levying of attachments must be strictly construed and followed.

> Clyne v. Easton, Eldridge & Co., 148 Cal. 287, 83 P. 36, 113 Am.St.Rep. 253. When the law, therefore, designates and specifies in what instances an attachment may be issued and in what cases it is not a legal remedy, the express will of the legislature must control."

Unless this Court attempts to legislate, the views of the Courts of Montana and of California must be adhered to.

The defendant by supplementary motion raises the contention that the indebtedness established in the contract existing between the plaintiff and the defendant Westwood, is not one "for the direct payment of money", but that point does not merit discussion.

Motions to discharge the attachment in this case and in each of the other two cases mentioned are denied.