(Decided March 26th, 1863.)

JARED PARKHURST, JR., ET AL., *vs.* THE NORTHERN CENTRAL RAIL ROAD CO., GARNISHEE OF THE PITTSBURG, FORT WAYNE & CHICAGO RAIL ROAD CO.

By deed executed in the State of Pennsylvania, the Pittsburg, Ft. Wayne & Chicago R. R. Co. mortgaged the entire works and effects of the Company, including all its tolls, income, rents, issues and profits, and alienable franchises, to secure its entire debt, providing that if the interest or prin-

Parkhurst, *et al* , *vs.* Northern Cent. R. R. Co., Garnishee, &c.

cipal of its bonds should not be paid as they became due, then the trustees under said deed were to take possession, work the road, and apply the net income to the payment of the bonds, interest and principal; but that until default in the payment of the interest or principal of said bonds, the mortgagors should continue in the management of the granted premises. HELD:

1. That the mortgagors conveyed only the *net income* of the rail road, after payment of all expenses, while they remained in no default in paying the interest and providing a sinking fund.

2. Whatever might have been the force and effect of those clauses of the mortgage deed which enumerated the classes and description of the property conveyed, yet those clauses are controlled by the last of the clauses above stated, which must be regarded as an *affirmative covenant*, amounting to a *re-demise*.

3. With the affirmative right of possession, and management of the road, it must follow that the mortgagors had a legal right to contract for such articles as would enter into the expense of maintaining and operating the road.

In the instruction asked in this case, the plaintiff availed himself of a well recognized principle, viz., to present a question of law arising out of the facts enumerated in the instruction, and to demand an opinion upon it, not as conclusive of the plaintiffs' right to recover, but as ancillary to that right.

An objection, that the cause of action was not submitted to the Court and jury, is sufficiently answered by the admission of the defendants at the trial, that the debt was due the plaintiffs for oil furnished by them to the defendants, rendering it unnecessary for the jury to pass upon the facts thus admitted.

Where a prayer contains an *apparently* independent proposition, and another more definite and substantial one, predicated on the facts submitted in the other portion of the prayer for the finding of the jury; yet where the two are *properly* connected, they should be considered together, as one proposition.

APPEAL from the Superior Court of Baltimore city.

This was a case of *attachment on warrant*, sued out from the Superior Court of Baltimore city, November the 9th, 1858, by the appellants, founded on a judgment obtained by them on the 30th of January 1858, in the District Court and Court of Common Pleas of Allegany county, Pennsylvania, against the Pittsburg, Fort Wayne & Chicago Rail

60      v.19

Road Company, its object being to charge the goods, chattels and credits of said Rail Road Company, in the hands of the appellees. The opinion of this Court contains a statement of the pleadings and evidence in the cause, and refers particularly to the mortgage filed by the garnishee below, marked J. S. L., No. 5, which substantially embraces the mortgages marked J. S. L., Nos. 1, 2, 3 and 4, and is in effect as follows:

The said mortgage bearing date January the 1st, 1857, consolidates three separate rail roads therein specified into one corporation, under the name and style of the Pittsburg, Ft. Wayne & Chicago Rail Road Company. It recites that one of said companies had issued and sold 3,750 of its separate bonds for $1,000 each, for the purpose of the construction, completion and furnishing of its road; that another had issued and sold 1,390 of its bonds of $1,000 each, for the same purpose; and that a third had issued and sold 1,250 of its bonds of $1,000 each, for the same purpose. It also recites that the said several companies had executed separate mortgages, each on its own road, for its own separate debt; that the said companies were consolidated, and became one corporation, which was liable for said mortgage debts; and that the corporation deemed it advisable to take up all the bonds of the separate companies, and substitute for them those of the consolidated company, to carry out which purpose was the object of the said deed of mortgage. It then conveys, by way of mortgage, to John Fergusson and Thomas E. Walker, of the city of New York, *in trust,* "the entire rail road of said company, from its terminus in the city of Pittsburg, to its terminus in the city of Chicago, and all lands, railways, rails, bridges, fences, rights of way, stations, depot-grounds, station-houses, and other buildings held or owned by said company, for the purpose of operating and maintaining their said railroad, or the accommodation of the business

thereof, and also *all the tolls, income, rents, issues and pro-fits*, and alienable franchises of the said party of the first part, connected with their railroad or relating thereto." And also "all the locomotives or stationary engines, ten-ders, cars of every kind, machinery, machine shops, tools and implements and materials connected with the proper equipment, operating and conducting of said rail road, now owned or hereafter to be acquired by the party of the first part, in substitution of those now owned or otherwise, all of which are declared to be appurtenances of said rail road, and are to be used and sold therewith, and not sepa-rated therefrom, and are to be taken as part thereof."

The plaintiffs, at the trial below, offered the following prayer:

"The plaintiffs pray the Court to instruct the jury, that by the true construction of the said deed, offered in evi-dence by the defendant, if the jury shall believe the same was executed, *the net income of the road, after payment of all expenses, is alone conveyed by the same;* and if the jury shall further believe, from the evidence, that at the time this attachment was sued out, no default of the company to pay the interest to the said mortgagee, and to provide a sinking fund, according to the provision of the said deed in that behalf had taken place, and that the defendant was in possession of the said road and operating the same, that then the said conveyance is no bar to the plaintiffs' recovery in this suit."

The Court refused to grant this prayer, which refusal of the Court is the ground of the present appeal.

The cause was argued before Bowie, C. J., and Golds-borough and Cochran, J.

*Wm. Price,* for the appellant:

The defence set up under the pleas in this case, is that

476 MARYLAND REPORTS.

Parkhurst, *et al., vs.* Northern Cent. R. R. Co., Garnishee, &c.

the property of the defendant was mortgaged prior to the laying the attachment. The defence is a novel one. If the debtor had made a general assignment for the benefit of creditors prior to the laying of the attachment, it would have failed of its effect. A Maryland creditor will not be ousted of his remedy by attachment against the credits of his debtor residing in another State, by a conveyance in bankruptcy or insolvency in his own State, even if this was such a conveyance. 2 *Kent's Com.*, secs. 407, 108, *pp.* 496, 497. 1 *Rob. Pr.*, 151, 152 and 153. Between the States of the Union, the property and rights of the debtor cannot be affected by attachment, where there has been an entire dedication in another State for the benefit of creditors, by act of law or of the party. For the analogous principle in case of a deceased debtor, see *Sto. Confl. of Laws*, 421, 424, *note.* As to the effect of a mortgage prior to an attachment, see *Collins vs. Torry,* 7 *Johns. Rep.*, 282. *Astor vs. Hoyt,* 5 *Wend.*, 615.

An affirmative covenant in a mortgage, that the mortgagor shall, until default, continue in possession, amounts in law to a re-demise. *George's Creek Coal Co. vs. Detmold,* 1 *Md. Rep.*, 237, and cases there cited.

The company being in possession and operating this road, were the persons alone to sue; this is proved by the suit and judgment which the garnishee gave in evidence. If plaintiffs could not sue the company, they are without remedy. If the trustees under the mortgage had actually taken possession, the plaintiffs claim, being for oil to work the road, would have been a preferred debt of the company.

*J. Mason Campbell,* for the appellee:

1st. The construction of the deed embodied in the prayer is clearly erroneous, and made the granting of the prayer impossible.

2nd. It does not appear by the bill of exceptions that

the cause of action was submitted to Court or jury, and therefore the Court could not declare the conveyance no bar to a recovery when there was nothing to recover on.

3rd. Upon the plea of *nulla bona*, it was incumbent on the plaintiff to shew in the garnishee's hands property of the defendant; that is, property to which the defendant had title. How could it be said to have the title to property which it had mortgaged? The parties are in a Court of Law, which does not regard mortgages as a Court of Equity. Nor will it avail under our system to say, that the mortgagor has an equity which may be executed at law. This is true as regards real estate, but condemnation is asked in this case of money, which is personal estate, and in *Harris, et al., vs. Alcock*, 10 *G. & J.*, 227, it is decided that equitable interests in personal property cannot at law be seized and sold under a *fieri facias*. Of course, if the equitable interest cannot be sold under a *fi. fa.*, on condemnation, it cannot be attached.

4th. The plaintiff's remedy is under the sequestration in Pennsylvania, which distributes the defendant's property among all its creditors.

GOLDSBOROUGH, J., delivered the opinion of this Court:

This was an attachment on warrant, issued out of the Superior Court of Baltimore city, at the suit of the appellants, against the goods, chattels, rights, credits, &c., of the Pittsburg, Fort Wayne & Chicago Rail Road Co., upon a judgment obtained by the appellants against the last named company, in the District Court and Court of Common Pleas for Allegheny county, Pennsylvania, and laid in the hands of the appellee.

The appellee appeared as garnishee, and pleaded that the defendant was never indebted as alleged, and *nulla bona.* Upon interrogatories propounded by the appellants, the appellee admitted rights and credits of the defendant

in its hands more than sufficient to cover the claim of the appellants. These rights and credits arose from the sale of through tickets, under an arrangement by virtue of which rail road companies have authority to sell through tickets, reporting the sales monthly, and holding the balance subject to draft at sight.

The appellee, as garnishee, however, relies for defence upon certain mortgages mentioned in the record, by one of which it appears that "all the property and effects of the defendant, including its income, was, at the time when the attachment was laid, under mortgage to John Furgusson and Thomas E. Walker, of the city of New York."

At the trial of the cause, it was admitted and agreed that the debt, for the recovery of which the attachment in this case was sued out, is due to the plaintiffs by the defendant, for oil furnished by the plaintiffs to the defendant, and by the defendant used in the working and use of their rail road.

The appellee offered in evidence the deeds above referred to, especially the deed from the defendant to John Furgusson and Thomas E. Walker, executed on the 1st day of January 1857.

The appellants then presented the prayer mentioned in the record, which was rejected by the Court; to this rejection the appellants excepted.

Before reviewing the action of the Superior Court in rejecting the appellants' prayer, we will notice the point made by the appellee, that "it does not appear by the bill of exceptions that the cause of action was submitted to the Court or jury, and therefore the Court could not declare the conveyance no bar to a recovery, when there was nothing to recover on."

It must be observed, that the prayer is not an affirmative one, asking the Court, from the evidence set out in the prayer, if found by the jury, to instruct them that the

plaintiffs are entitled to recover. On the contrary, it was an exercise of the privilege of the plaintiffs, to raise a question of law arising out of the facts enumerated, and to demand an opinion on it, (see 1 *Gill*, 143,) not as conclusive of the plaintiffs' right to recover, but as ancillary to that right.

The objection, that the cause of action was not submitted to the Court and jury, we think is sufficiently answered by the admission of the appellee at the trial, that the debt was due the appellants for oil furnished by them to the defendants. It was therefore unnecessary for the jury to pass upon the evidence thus admitted. See 11 *Md. Rep.*, 185.

It was contended that the instruction contained in the prayer, that the mortgage did not operate as a conveyance of the gross revenue of the road, was erroneous, and that the prayer, for that reason, was properly rejected. It is true, that this proposition seems to be independent of the more definite and substantial one predicated on the facts submitted in the other portion of the prayer for the finding of the jury; yet as the propositions contained in the prayer are properly connected, we think the first should be construed as limited to a construction of the mortgage before default, and in that sense that it should be considered with the latter as one entire proposition. 4 *Md. Rep.*, 305.

A careful examination of the mortgage deed of the 1st of January 1857, fully satisfies us that the mortgagors conveyed only the net income of the rail road, after payment of all expenses, while they remained in no default in paying the interest and providing a sinking fund.

Whatever might have been the force and effect of those clauses of the mortgage deed which enumerate the class and description of the property conveyed, yet those clauses are controlled by the sixth clause, the concluding part of

which must be regarded as an *affirmative covenant*, amounting to a *re-demise*.

It certainly was the intention of the contracting parties, that until there was a default, the mortgagors being allowed to retain possession and have the management of the rail road, should, from its operation and the receipt of the gross income, provide the means to meet their liability as created by the mortgage. Such construction effectuates what to this Court appears to have been clearly the intention of the parties. Any other would be productive of injustice, and would be to place the right of enjoyment and use guarantied to the mortgagors until default, at the mercy of the mortgagees, without subserving in any manner the interests of the parties for whose security the mortgage was executed. See 1 *Md. Rep.*, 225.

With the affirmative right of possession and management of the road, it must follow that the mortgagors had a legal right to contract for such articles as would enter into the expense of maintaining and operating the road. In this case, it is admitted that the claim in dispute is for *oil* furnished by the appellants to be "used in the working of the rail road."

*Judgment reversed and procedendo awarded.*

(Decided March 26th, 1863.)