(Decided Dec. 11th, 1863.)

## Eber F. Cooke *vs.* George H. Brice.

Sheriff's Sale of Leasehold, where the Legal Estate in Lessee has Failed for Non-payment of Rent and he Holds as Trustee.— B. having purchased at sheriff's sale a lot of ground sold under execution upon a judgment of B. against C. in 1859, and C. having refused to deliver possession of the premises, application was made to the Court by B. under the Act of 1825, ch. 103, for a writ in the nature of a writ of *habere facias.* It appeared at the hearing of said application that C. F. M. trustee of the real estate of the wife and children of C., had executed to said C. in 1853, a lease of the trust property for ninety-nine years, reserving a rent certain and containing a covenant of re-entry for non-payment of rent; and also an express covenant that in case the rent reserved should be in arrear and unpaid for the space of six months, the lease should be void; that in 1854, C. was appointed trustee in the place of C. F. M., and that C. with his wife and children were residing upon said lot at and before the date of the lease, and had continued to reside thereon up to and pending the application, but had at no time paid rent. Held:

1st. That by the terms of the lease, the legal estate of the appellant in the term, had ceased by reason of his failure to pay the rent reserved, before the judgment was obtained against him.

2nd. That at the time of the seizure and sale by the sheriff, C. had no title in the lot of ground liable to satisfy the execution.

APPEAL from the Court of Common Pleas of Baltimore City :

This was a proceeding by the appellee against the appellant to obtain a writ in the nature of a writ of *habere facias*, under the Act of 1825, ch. 103. The case is fully stated in the opinion of this Court. The Court below (MARSHALL, J.) having ordered that the writ should issue as prayed, the defendant appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*C. F. Mayer* and *J. Howard Griffith*, for the appellant :

1. No lease-hold interest subsisted in the appellant to be affected by the *fi. fa.* The years of default in payment of rent that had passed since the leasing, and since the appellant became trustee, and especially along with the fact of his being the party to re-enter for such defaults, under the decree and under the lease annulled the lease at law. *Watkins' Adm'r vs. State, use of Shaw,* 2 *G. & J.,* 225. *State vs. Reigart,* 1 *Gill,* 1. *Keighler vs. Nicholson,* 4 *Md. Ch. Dec.,* 86.

2. There was no such possession in the appellant as judgment debtor, which, as under the statute, authorized the summary process of the writ of *habere facias* to put the appellant in possession. The possession, if any, to be thus affected by such process, must be one that is exclusive, and in this instance paramount to the possessory rights, and operating to the expulsion of the wife and children. No effective possession at all was in the appellant, certainly none of a primary and controlling character.

3. The term of years in the appellant, merged in the freehold devolved on him by his appointment as trustee for his wife's life estate, and the fee of her children. *Nemo potest esse dominus et tenens.* The two estates meeting in the appellant merge, because, if in distinct persons, the estate for years might have been surrendered. *Preston on Estates, Tit. "Merger,"* 42 *Law Lib.,* 15, 152, 220, 221.

*Bates' Case*, 1 *Salk.*, 254.  1 *Leon.*, 129.  3 *Leon.*, 110.
*Chamberlain vs. Ewer*, 2 *Bulstr.*, 13.  Such *merger* is
worked, although the term of years be in the party's own
right, and the free-hold supervenes *in autre droit*.  *Co.
Lit.*, (*Butler & Hargrave's Edn.*,) c. 11, secs. 636, 338, *B.
Id.*, sec 138, 2 *Bl. Com.*, 177.  *Preston on Estates*, 42 *Law
Lib.*, 273, 274 and 277.  *Greenlf's Ev.*, *tit.* 39, 572, 581
to 584.  *Mitchell vs. Mitchell*, 2 *Gill*, 230.

4. The taking the estate as successor to the trust, con-
stitutes an entry, even by himself, for violation of the con-
ditions of the lease.

*G. L. Dulany*, for the appellee :

The counsel for the appellee will contend, that the ap-
pellant, Cooke, had title to the property seized by the
sheriff, and sold by him to the appellee, Brice, under the
"*fi. fa.*," upon the judgment of the 15th of November
1859; and also that at the time of said judgment, and be-
fore and ever since, Cooke was in the actual possession of
said property, and that on demand of said Brice, with full
notice of said purchase, he refused to deliver up the same
to his possession.

Under these circumstances, the counsel for appellee will
further contend, that in its final order and judgment, the
Court committed no error in directing the writ of "*habere
facias possessionem*," to be issued.  Act of 1825, ch. 103.
*Waters vs. Duvall*, 6 *G. & J.*, 76.  *Penn vs. Isherwood*, 5
*Gill*, 206.  *McMechen vs. Marman*, 8 *G. & J.*, 57.

It is not established by the record that Eber F. Cooke is
the trustee, or held the legal estate.  *Winchester vs. Union
Bk. of Md.*, 2 *G. & J.*, 73.

In reply to the appellant's 3rd point on the question of
*merger*, 4 *Kent's Com.*, 104, 105, was referred to.

BARTOL, J., delivered the opinion of this Court :

This was an application under the Act of 1825, ch. 103,
for a "writ in the nature of a writ of *habere facias posses-
sionem*," made by the appellee, who had purchased a lot of

'ground in the City of Baltimore, seized and sold by the sheriff under an execution issued out of the Court of Common Pleas, upon a judgment recovered in that Court by the appellee against the appellant. The judgment was rendered in November 1859, and the sale made on the 18th of June 1860.

The judgment, the execution thereon, the sale made by the sheriff, and his return to the writ of *fieri facias*, were all legal and regular; no valid ground of objection to any of them has been suggested. The application for the writ was made in due form, and notice to shew cause, was served upon the appellant, as required by the Act of 1825.

Accompanying the application for the writ, the appellee filed the affidavit of Joseph N. Vallee, stating that the appellant was residing upon the property which had been seized and sold by the sheriff, and refused to surrender the possession thereof to the purchaser. He also filed a duly authenticated copy of an indenture of lease, made by Charles F. Mayer, trustee, conveying to Eber F. Cooke, the appellant, the lot of ground in question, for the term of ninety-nine years, reserving a certain rent therein mentioned. The indenture of lease was dated the 28th day of March 1853, and was acknowledged and recorded according to law.

By way of shewing cause against the writ, the appellant filed his answer to the petition alleging, substantially, that the property sold, belonged to his wife and children; having been devised to them by the last will of William Mann, which will is exhibited with the answer; and that at the time of the sale and long before, the said property was in the actual possession of Mrs. Cooke and her children, to whom it belonged, and not in the possession of the appellant, except as trustee for their benefit; and further alleging that "on the 16th day of December 1854, an order was passed by the Superior Court of Baltimore City, appointing him trustee for said estate, in virtue of which he bonded," and in support of this allegation exhibited the certifi-

cate of the clerk of the Circuit Court for Baltimore City, setting forth that it appeared from the proceedings of that Court in the case of *Eber F. Cooke & Euphrasia Frances his wife, vs. William Fennimore Cooke, &c.*, that Eber F. Cooke was appointed trustee in the place of Charles F. Mayer, Esquire, former trustee, and filed his bond as trustee on the 17th January 1855.

There was also filed with the answer the affidavit of Euphrasia Cooke, William Fennimore Cooke and Warren E. Cooke, (the wife and children of the appellant,) setting forth that they believe themselves to be the only rightful owners of the property in question, in virtue of the will of William Mann, deceased; and that long before the recovery of the judgment against Eber F. Cooke, they were, and so continued, in the actual possession of the property; that said Eber F. Cooke lived thereon with them "of their courtesy and of no right vested in him."

An affidavit of Eber F. Cooke was also filed, stating substantially that he had leased the property in question from Charles F. Mayer, trustee, for the purpose of protecting the interests of his wife and children, who were the beneficial owners thereof. That he became subsequently trustee in the place of said Mayer, of the estate of his wife and children, including the property in question; and thereupon abandoned all claim to the property under the lease, and surrendered and gave it up; acting and claiming to act only as trustee. That no rents whatever were ever paid by him under the lease. That his wife and her issue became the possessors of the property described in the lease; and that they, and not he, were in possession of the same as of their own right at the time of the rendition of the judgment, and at the time of the levy and sale, and are so in such manner now.

Under the Act, the purchaser is entitled to the writ, whenever the debtor named in the execution, or any one holding under him by title subsequent to the date of the

51      v. 20.

judgment, shall be in the actual possession, unless good cause be shown to the contrary.

Ordinarily in summary proceedings of this nature, the question of title is not involved or decided. The purchaser can take only such title as belonged to the judgment debtor; the inquiry is limited to the fact of possession, usually a very simple one, quite unconnected with the question of title. In this case some difficulty grows out of the ambiguous relation the appellant sustained towards the property, and the character in which he held possession.

The proof that he resided upon the premises, does not remove the difficulty; because if he held it only in his character of trustee, and not of his own right, the appellee would not be entitled to the writ. We are therefore compelled to consider the nature of his title in order to determine in what character he held the possession.

The lease, offered in evidence by the appellee, contains not only the usual covenant of re-entry for non-payment of rent, but also an express covenant, that in case the rent reserved shall be in arrear and unpaid, for the space of six months, the lease shall be void. The legal effect of this covenant, considered in connexion with the other facts of this case, was to divest the title of the lessee upon the happening of the contingency named, viz: leaving the rent in arrear and unpaid for the space of six months. No rent was in fact ever paid by the lessee, and the appellant entered into possession and held as trustee.

Whatever power a Court of Chancery might possess to relieve a lessee against forfeiture in such case, in dealing with the title under the lease, a Court of law must hold the estate as divested by condition subsequent. The appointment of the appellant as trustee, and his acceptance of the trust and qualification, vested the whole estate in him in that character, and his possession thereafter was in that right and not as lessee.

No objection being made to the affidavits and other evidence offered by the appellant, we are relieved from em-

barrassment or difficulty, with regard to the facts of the case upon which our judgment must be based.

And without expressing any opinion upon the question of *merger*, argued at the bar, or deciding whether there had been a surrender of the term held by the appellant under the lease from Mayer, we are of opinion that, by the terms of the lease itself, the legal estate of the appellant in the term, had ceased by reason of his failure to pay the rent reserved, long before the judgment in this case was obtained against him; that at the time of the seizure and sale by the sheriff, he had no title in the lot of ground liable to satisfy the execution; and his possession of the property being only as trustee, cannot be disturbed by this proceeding under the Act of 1825. The order of the Court of Common Pleas awarding the writ will therefore be reversed.

*Order reversed.*

(Decided Dec'r 15th, 1863.)