# CHARLES A. LEWIS

*vs.*

# E. F. SCHLICHTER COMPANY.

*Replevin—Evidence—Instructions—Auction Sale of Land—*
*Reservation of Fixture.*

In replevin by the conditional vendor of an article, which was annexed by the purchaser to his land, to recover the article from one to whom the land was subsequently sold under execution, the papers and docket entries in a claimant's suit by such vendor, filed in the court from which the writ of execution issued, were admissible, the auctioneer having previously testified that he had been notified by the sheriff to announce at the execution sale that, a claim having been filed as to said article, it would be reserved from the sale, and that he made such announcement with defendant near enough to hear it, and it being relevant and material to show that plaintiff claimed the article before defendant's purchase of the land, and that defendant knew of such claim before his purchase.                p. 221

Under Code, Art. 5, Sec. 9, an objection to a prayer, as submitting a question of law, cannot be availed of on appeal in the absence of an exception on that ground in the lower court. p. 222

On an issue as to whether defendant, as purchaser of a farm at execution sale, obtained title to an article annexed thereto, *held,* that a prayer offered by plaintiff to the effect that defendant did not obtain title to such article if he purchased the farm with knowledge that such article was excepted from the sale, was not defective because it referred to the interest only of one of the three execution defendants as passing by the sale, a finding by the jury as to defendant's ownership necessarily involving a decision as to whether the other two execution defendants had any interest in the article.                p. 222

In replevin against an execution purchaser of land, to recover an article previously annexed thereto, *held* that, under the cir-

cumstances, an instruction that the purchaser at an execution sale acquires only the "right, title or interest" of the judgment debtor in the property sold was proper.       p. 222

An instruction that an article conditionally sold to one of the owners of certain land, and annexed thereto by him, remained removable by the vendor as against other owners of the land, *held* erroneous, as assuming that the purchaser, in making the contract, was acting as the agent of the other owners.     p. 223

The omission of an essential fact is an assumption of fact for the purpose of the rule that an objection to a prayer as assuming a fact cannot be considered on appeal unless noted at the trial below.       p. 223

Where parties capable of contracting and duly authorized thereto agree among themselves, by a contract otherwise valid, that a chattel shall, notwithstanding its annexation to the freehold, retain the character and incidents of personal property, as between themselves such chattel shall be treated as personalty, notwithstanding that but for such agreement the chattel would, by reason of its intrinsic physical characteristics, after its annexation to the soil be regarded as a part of the freehold.
       p. 224

The advertisement of the execution sale of a farm not referring specifically to a silo thereon, an announcement by the auctioneer, acting under the instructions of the sheriff, immediately before the sale, that the silo would be excepted from the sale, did not involve a variance from the terms and conditions of sale printed in the advertisement, and was consequently valid and effective, the announcement being made as the result of the filing of a claimant's suit for the silo after the publication of the advertisement.       p. 225

When the auctioneer, in announcing that a certain structure will not be included in the sale of the land on which it was erected, is acting within the actual and apparent scope of his authority, one who could have heard the announcement had he listened is bound thereby.       p. 226

*Decided December 1st, 1920.*

Appeal from the Circuit Court for Frederick County (WORTHINGTON, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Frank L. Stoner* and *Samuel A. Lewis,* for the appellant.

*Jacob Rohrback,* for the appellee.

OFFUTT, J., delivered the opinion of the court.

This case involves the appellee's title to a silo located on a farm near Sabillasville in Frederick County, and its material facts may be thus summarized: On March 1st, 1917, Albert Anderson, who then occupied the farm in question, bought from the appellee, for $297, under a contract called a "lease," a silo, to be shipped to him at Blue Ridge Summit. The sale was made upon the following condition expressed in the contract, that is, that "the title of said silo or * * * roof shall be held by the E. F. Schlichter Co., remaining movable property, and that a lien is retained by the company until fully paid for according to the terms of lease." These terms were "cash upon receipt of above goods, or within 30 days from date of invoice, or only on their order." At that time Albert Anderson, Katie M. Anderson and Alvin Anderson owned the farm, but the nature or extent of their respective interests is not disclosed by the record.

On May 13th, 1918, and February 13th, 1919, respectively, execution was issued on two judgments against Albert Anderson, Katie M. Anderson and Alvin Anderson, and under these writs the sheriff of Frederick County advertised, and on April 1st, 1919, sold the farm at public auction to Charles A. Lewis, the appellant. On March 28th, 1919, the contract of sale was recorded in the "conditional contracts of sale docket" of Frederick County.

·Shortly after he received it, Albert Anderson erected the silo on the farm which he then occupied and, at the time the farm was sold, it was still there. O'n April 1st, 1919, the day on which ·the farm was sold, the appellee filed in the Circuit Court for Frederick County a claimant's suit against the judgment creditors in the cases in which the writs of execution had issued, and thereupon the sheriff notified the auctioneer selling the property not to sell the silo with the farm, but to reserve it. The auctioneer, in accordance with this notice, in offering the property for sale, announced in the presence of the appellant, who was at the time five or six or seven feet away, that the silo would not be sold, but would be reserved. This announcement was in a tone loud enough to be heard by the appellant, and was in fact heard by at least one other witness who was farther away. These facts were controverted by the appellant, who denied that the announcement was made but, as we are not called upon to review that conflict, no opinion will be expressed in regard to it. Upon a trial of the claimant's suit, judgment was entered on September 3rd, 1919, in favor of the appellee. Some time during the same month the appellee's agent went upon the appellant's property to remove the silo and, while so engaged, was approached by the appellant, who told him he could take it away, that there would be no trouble, but before he removed it the appellant withdrew this permission and refused to allow him to remove it. The appellee thereupon, on the 22nd of September, 1919, instituted this action in replevin.

The silo consists of a number of staves tongued and grooved and bound together by round iron hoops and iron lugs, and was shipped in three sections, ready to be set up. It is placed on a cement foundation in which are embedded anchor bolts. Guy wires are attached to these bolts and to the top of the silo, and then tightened by means of a turn buckle until the whole is rigid and firm. From this silo a shute was con-

structed for convenience in transferring the ensilage from the silo to a barn on the property.

The record contains three exceptions, the first two of which relate to the admissibility of evidence, and the third to the court's rulings on the prayers.

In the course of the trial the papers and docket entries in the claimant's case were admitted in evidence by the court over the objections of the appellant, and these rulings are the subject of the first and second exceptions. At the time this evidence was offered, the auctioneer had already testified that before he sold the property he had been told by the deputy sheriff to announce publicly that he had just "received from the sheriff a telephone message that a property claim had been filed on that silo and the sale would be subject to that property claim and the silo would be reserved," and that when he made the announcement at the sale the appellant was near enough to have heard him. It was both relevant and material for the appellee to have shown that it claimed the silo before the appellant bought the farm on which it was situated, and that the appellant knew of this claim before he purchased the property, and evidence that it had filed a claimant's suit in the same court from which the writs of *fieri facias* issued under which the farm was sold, and that the appellant had actual notice of the pendency of this suit, tended to prove such facts, and was properly admitted.

The appellant offered no prayers; the appellee offered seven, of which the court granted four and refused three, and its action in granting these four prayers is the subject of the third exception.

The plaintiff in its declaration alleged that the defendant took and unjustly detained one silo, which the plaintiff owned. In his pleas the defendant denied the taking and claimed title to the silo. The plea of *non cepit* being more or less meaningless and "practically useless in this class of cases" (1 *Poe Pl. & Pr.,* par. 253), the only issue in the case was the title to the property, and the determination of

that issue depended upon whether the silo was to be regarded as a "fixture," that is, a personal chattel which could be severed and removed by the party annexing it to the freehold (*Bouvier L. Dict.*), or as a chattel which had become so connected with the soil as to become a part of the realty; and the lower court, through the four prayers granted at the instance of the plaintiff, instructed the jury as to the principles of law applicable to the facts relating to these questions, and the correctness of the instructions so granted will now be examined.

By the plaintiff's first prayer the jury were told that if they found the silo was the property of the plaintiff at "the time of the sale" to the defendant of the farm where it was located, and that it was expressly excepted from said sale, and that the defendant purchased the interest of Anderson, the judgment debtor in the farm, and took a deed for it knowing the silo was not to be his property, then their verdict should be for the plaintiff. The appellant's objection to this prayer is that it submits to the jury a question of law, and ignores the fact that the appellant by his deed acquired the interests of Katie and Alvin Anderson. In passing upon the first objection it is sufficient to say that no exception having been taken to the prayer on that ground in the lower Court it cannot be considered here. Article 5, Section 9, Code Pub. Gen. Laws. Nor is there any substantial merit in the second objection. In deciding whether the silo was the property of the plaintiff, the jury were necessarily required to decide whether or not Alvin Anderson or Katie M. Anderson had any interest in it because if they owned it obviously the appellee did not.

The prayer in substance states the principles of law applicable to the facts of the case with which it deals and there was no error in granting it. *Walker* v. *Schindel,* 58 Md. 365; *Parkhurst* v. *N. C. Ry.,* 19 Md. 472.

By the plaintiff's third prayer the jury were told that the purchaser at the sheriff's sale acquired only the "right, title or interest" of the judgment debtor in the property sold.

This in substance correctly states the law. *Cooke* v. *Brice,* 20 Md. 397; *Spindler* v. *Atkinson,* 3 Md. 423. And while there are cases in which such an instruction might be misleading, we find no error in the action of the court in granting it under the circumstances of this case.

By the plaintiff's sixth prayer the jury were told that if the "silo mentioned in evidence was sold to Albert Anderson by the contract between the plaintiff and said Albert Anderson, offered in evidence, then the said silo remained a removable article of property, and did not become a part of the freehold, so far as the said Albert Anderson, Katie M. Anderson and Alvin Anderson were concerned."

This prayer is defective because it assumes that in making the contract to which it refers, Albert Anderson acted as the agent of Katie M. Anderson and Alvin Anderson, and that they are bound by his acts, or stated in another way, it fails to require the jury to find any facts which would support the inference that Albert Anderson in making the contract acted as the agent of Katie M. Anderson and Alvin Anderson. But whether this defect is regarded as an assumption of fact or as the omission of a material fact, no advantage can be taken of it in this Court, because it does not appear from the record that any objection was made to it on either ground in the court below. Regard being had to the language of the statute, Art. 5, Sec. 9, Code Pub. Gen. Laws, it is unnecessary to cite further authority in support of the rule that an objection to a prayer on the ground that it assumes a fact cannot be considered in this Court unless it was noted at the trial of the case below, and in *Franklin* v. *Claflin,* 49 Md. 42, it was said: "It has been ingeniously urged that the omission of an essential fact, is not an assumption of a fact within the meaning of the rule above referred to. To assume a fact, in popular phrase, is to take for granted without proof. It may be done affirmatively or negatively, the effect is the same in which ever form it is done. The mischief to be remedied by the rule and the Act of

1861-2, Ch. 154, from which the rule was derived, was to prevent surprise to the parties to a cause on appeal by raising questions which were not disputed or contested in the court below." And in *Morrison* v. *Hammond*, 27 Md. 604, it was said: "These defects often occur through mere inadvertence in the hurry of the trial, and might have been corrected if the attention of the court had been called to them at the time, and although in reality the appellant has not been injured by them, and perhaps never discovered them till the record has come into this Court; yet as the law before stood they were fatal and this Court was obliged to reverse. In that way parties have often been taken by surprise and much injustice has been done. * * * To prevent such injustice the Act of 1861-2 was passed." See also *Cheney* v. *Eastern Transp. Line,* 59 Md. 568.

Taking the prayer therefore as it stands and assuming that the contract was made by Albert Anderson on behalf of all persons who appear from the record to have had any interest in the farm at the time it was made, the prayer states a perfectly sound legal principle and one which cannot be questioned under the decisions in this State.

Where parties capable of contracting, and duly authorized thereto, agree between themselves, by a contract otherwise valid, that a chattel shall, notwithstanding its annexation to the freehold, retain the character and incidents of personal property, as between themselves such chattel shall be treated as personalty, notwithstanding that but for such agreement the chattel would by reason of its intrinsic physical characteristics after its annexation to the soil be regarded as a part of the freehold. *Baldwin* v. *Francis,* 118 Md. 181; *Walker* v. *Schindel,* 58 Md. 360; *Bronson, Fixtures,* par. 28; 19 *Cyc.* 1048. For the reasons stated we find no error in the granting of this prayer.

By the plaintiff's seventh prayer, which was granted, the jury are instructed, in substance, that if the auctioneer at the sale of the farm announced publicly in the hearing and pres-

ence of the defendant that the silo was excepted from the sale, that then "the defendant took no right or title to said silo, even if the defendant did not hear such public announcement."

There appears to be a decided conflict in the views of the several courts in which the proposition thus submitted has been considered, as to the power of an auctioneer to depart from or vary the terms and conditions of a sale as written or printed in advertisements or otherwise by any oral announcement at the sale. *Ann. Cases,* 1912 A 1130; 2 *R. C. L.* 1124; 24 *L. R. A.* (N. S.) 488. An examination of the cases dealing with the question shows that in some instances where the authority of the auctioneer to vary the printed or written terms and conditions of a sale as contained in advertisements relating to the sale is denied, the decisions rest upon the theory that the terms and conditions as printed and published control the rights and obligations of the parties (131 *Am. St. Rep.* 484), and that parol evidence of any oral announcement by the auctioneer contrary to them is inadmissible, and there are many considerations which lead to a favorable consideration of this rule, but in our opinion it is not applicable to the facts of this case. The advertisement, although it referred to the various structures on the farm, contained no reference to the silo, and the announcement made by the auctioneer, acting under the express and explicit instructions of his principal, publicly announced in the hearing and presence of the appellant, before he bought the farm that the silo was excepted and would not be sold. In so doing he was not varying the terms and conditions of sale printed in the advertisement, but explaining them. This announcement was made as the result of conditions arising subsequent to the publication of the advertisement, that is the filing of a claimant's suit for the possession of this silo. Under such circumstances it cannot be said that the sheriff was obliged to sell the silo merely because he had advertised the farm on which it was located, nor was he required to put off the sale

of the farm until the claimant's suit was decided. He could sell the farm without the silo, and as he decided to do this it was obviously proper to announce at the sale of the farm that the silo was not sold with it, and this is what he did, in the presence and in the hearing of the appellant.

Under such circumstances the auctioneer was acting within the actual and apparent scope of his authority in making this announcement, and as the appellant could have heard it had he been listening, he is bound by it.

Finding no error in the rulings appealed from, the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*