FRANK L. HISER

*vs.*

EDWIN H. WEBSTER.

*Appeal—Harmless Error—Plea in Replevin—Non Cepit.*

A bill of exception to the grant of a prayer directing a verdict in favor of plaintiff for want of a plea need not be considered on appeal, if the verdict was set aside.      p. 238

The plea of *non cepit* in replevin is available to deny the wrongful detention as well as the wrongful taking, where defendant does not intend to deny property in the plaintiff.

pp. 238-240

A plea by defendant "that he did not take and unlawfully detain the goods and chattels in the plaintiff's declaration mentioned in manner and form as plaintiff hath complained," puts in issue the wrongful taking and the wrongful detention.

pp. 237, 240

*Decided June 28th, 1921.*

Appeal from the Circuit Court for Harford County (PRESTON, J.).

Action by Edwin H. Webster against Frank L. Hiser. From a judgment for plaintiff, defendant appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Thomas H. Robinson,* for the appellant.

*S. A. Williams,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is a replevin suit in which the declaration is in the *detinet,* in the usual form.

The plaintiff sues the defendant for taking and unjustly detaining a Buick automobile, the property of plaintiff.

Defendant pleaded *non cepit,* on which issue was joined and the trial was proceeded with before a jury. In the course of the trial, plaintiff asked leave to withdraw joinder of issue, which was granted, and he then demurred to the plea.

The demurrer was overruled and joinder of issue renewed. Again plaintiff was permitted to withdraw joinder of issue, and again he demurred to the plea, when the demurrer was sustained, on the ground, as stated by the court, that—

"The plea does not fully answer the declaration. According to section 253 of the third edition of *Poe on Pleading,* the plea of *non cepit* is not sufficient to answer the claim of unlawful detention. I think for this reason, that the demurrer will be sustained, with leave to the defendant to file a new plea or to answer."

Whereupon defendant filed an amended plea as follows:
"That he did not take and unlawfully detain the goods and chattels in the plaintiff's declaration mentioned in the manner and form as plaintiff hath complained."

Plaintiff again demurred and the demurrer was sustained, the court holding that "the plea of property must be substantially put in."

Defendant declined to plead over, whereupon the court granted a prayer of plaintiff as follows: "The plaintiff prays the court to instruct the jury that the defendant having declined to plead over after the ruling of the court, in sustaining the demurrer to the defendant's amended pleas, they must find their verdict in favor of the plaintiff for the property replevied, and the nominal damages; that is to say, one cent damages."

Which ruling of the court is the subject of the bill of exception. A verdict was rendered in accordance with the instruction. Subsequently plaintiff moved to set aside the verdict and to enter a judgment by default, for want of a plea, against the defendant in favor of the plaintiff for the property replevied and one cent damages, which was done. This appeal is from that judgment.

The verdict having been set aside, the bill of exception is no longer important and the rulings of the court on the demurrer to the original and amended pleas alone require consideration.

It is not necessary to decide in this case whether or not the demurrer to defendant's original plea was properly sustained on the ground that "the plea does not fully answer the declaration." It is not clear to us, however, why it does not retain enough of its common law character as a general issue plea to make it available to deny the wrongful detention as well as the wrongful taking, where defendant does not intend to deny property in the plaintiff. *MacKinley* v. *McGregor,* 3 Whart. (Pa.) 398, 31 Am. Dec. 522; *Simpson* v. *McFarland,* 18 Pick. (Mass.) 427; 23 *R. C. L.,* p. 934, sec. 105.

We do not construe the language of Mr. Poe in his work on pleading, or that of JUDGE DORSEY in the case of *Cullam* v. *Bevans,* 6 H. & J. 470, as these eminent authorities are understood by the learned counsel for appellee. JUDGE DORSEY was answering the argument of Mr. Reverdy Johnson that, neither side having offered any testimony in a replevin case, where the defendant pleaded property in himself, plaintiff was entitled to a verdict on the theory that possession of a chattel is *prima facie* evidence of property; and that, in pleading property in himself, the defendant thereby admitted the taking charged in the declaration, and, consequently, the original possession to have been in the plaintiff, and that such original possession is sufficient evidence of title to recover, unless a better right in the defendant should be shown by the proof. It is in reply to this contention that JUDGE

DORSEY points out that whatever may be the effect in England of the allegation in a declaration in replevin of tortious taking and a plea of property in the defendant, as raising the presumption of original possession by the plaintiff and a taking by the defendant, it is not so here, where this form of action has a much wider use, and where the allegation of a wrongful taking is a mere fiction, and generally false in point of fact; that on the contrary the plea of property in the defendant throws the whole burden of proof upon the plaintiff. There does not appear to have been a plea of *non cepit* or *non detinet* in that case; at any rate there is no reference to the effect of such a plea.

Mr. Poe says there is no general issue plea in replevin in Maryland, while in England the plea of *non cepit* was generally regarded as the general issue; that with us the practice is to file the plea of *non cepit,* and also the plea of property in the defendant, and sometimes also, in a third party; that these pleas are not inconsistent, and that under them the burden is cast upon the plaintiff to prove his own title. 1 *Poe Pl. & Pr.* (4th Ed.), sec. 631.

It is true that he says, in section 253 of the same volume, that in the ordinary cases of replevin, other than those between landlord and tenant, the usual pleas are, property in the defendant, and property in a third party, and that the old plea of *non cepit* is practically useless in this class of cases, for the reason that it tenders an immaterial issue—the fact of taking being now not at all necessary to be shown, and being often a mere fiction. But he must, we think, be understood, in this as meaning that such a plea is useless in those cases where there is a dispute as to property in the chattel, and where that is the real issue. He can hardly mean that one who does not claim property in a chattel, but who happens to be lawfully in possession of it, must, nevertheless, plead property in himself, and thereby deprive himself of the right to take advantage of the failure of a plain-

tiff to demand possession before putting him to the expense
of an unnecessary suit.

This Court has decided in *Wimbrow* v. *Morris*, 118 Md.
91, and in *Burrier* v. *Cunningham Piano Co.*, 135 Md. 135,
that, where the property of the plaintiff is in the rightful
possession of the defendant, a demand is necessary before an
action of replevin in the *detinet* can be brought; but where
defendant pleads ownership in himself he cannot defeat re-
covery under the pretense that he would have surrendered
the property if demand had been made. See also *Cobbey,
Replevin,* sections 447, 448; *Wells, Replevin,* sections 344,
346; 34 *Cyc.,* p. 1411.

It is said in *Morris, Replevin* (3rd Ed.), page 86, that the
fact of demand and refusal need not be alleged in the decla-
ration, but is a matter of proof on the issue raised on the
plea of *non cepit,* and is implied in the allegation that the
defendant took and unjustly detained the property.

In *Evans' Harris, Modern Entries,* vol. 2, p. 96, it is said:
"*Non cepit* is popularly called the general issue, but is
properly only a common issue, since it has been expressly ad-
judged to admit the property to be that of the plaintiff."

While the cases cited by Mr. Poe hold that the plea of
property in the plaintiff and property in a third person may
be joined with the plea of *non cepit,* they do not say that
either of them *must be,* and we have found no case here or
elsewhere that *does so* hold. On the other hand, in *Anderson*
v. *Stewart,* 108 Md. 340, JUDGE PEARCE adverts, without
criticism, to the fact that the single plea filed in that case was
*non cepit.*

When we said in *Lewis* v. *Schlichter Co.*, 137 Md. 217,
that the plea of *non cepit* was more or less meaningless and
practically useless "in this class of cases," we were referring
to cases where the only issue was the title to the property.
In any event the amended plea puts in issue both the wrong-
ful taking and the wrongful detention, and the demurrer to

that plea should have been overruled.  *Cobbey, Replevin,* section 744; *Wells, Replevin,* sections 700 and 708.

Under that plea, if the defendant should be successful, the verdict would not be for a return of the property, but simply "for the defendant."  This would settle the right of plaintiff to the chattel, but require him to pay the costs.

*Judgment reserved and new trial awarded,*
*with costs to appellant.*