# BALTIMORE CITY COURT.

Filed February 18, 1927.

MARYLAND TIRE COMPANY, INC.,
VS.
THE CHESAPEAKE FINANCE &
CREDIT COMPANY, A BODY
CORPORATE.

*Thomas W. Y. Clark* for plaintiff.
*Eli Baer* for defendant.

FRANK, J.—

Most of the facts in this case are uncontroverted. George Juratovac bought a second-hand Chevrolet car from the Park Circle Motor Company on February 18th, 1926, under a conditional sales agreement, whereby the vendor retained title until all payments should be made thereunder. The agreement contained a stipulation that any "equipment, repairs or accessories placed upon said car shall * * * become a component part thereof and included in the terms of this agreement." On the same day this agreement was assigned to the defendant herein and duly recorded. The conditional vendee took possession of the car and used it for his own purposes.

On March 23, 1926, Juratovac went to the place of business of the plaintiff in Baltimore City and purchased from the plaintiff two Corduroy tires, Nos. 706,427 and 701,238, likewise under a conditional sales contract of that date. At the same time he executed a conditional sales contract and chattel mortgage. The conditional sales contract applies to the two tires, fully describing them. The chattel mortgage was stated to be upon a Chevrolet automobile, model 1923 touring car, engine No. 30,834, and this is the automobile above referred to. A memorandum of the conditional contract of sales of the tires was duly recorded as provided by law, but the chattel mortgage upon the automobile was defectively executed and was never recorded. As together they constituted one paper, one of the questions raised by the defendant herein is as to the sufficiency of the memorandum so recorded.

The testimony further shows that Juratovac did not have the automobile with him at the time of the purchase of the tires,—they were simply delivered to him at the store of the plaintiff and were by him carried away, and his testimony is that some time later he took off two of the tires that were on the automobile at the time of its conditional purchase, replacing them with the two new tires bought from the plaintiff. He was soon in default in his payments under both of these conditional sales contracts, and a few days after the tires claimed by the plaintiff were placed on the car, and after they had been run only two hundred and fifty miles, and were still substantially new, the defendant repossessed the car under the terms of the conditional sales contract under which it had been sold. Although the testimony is in conflict on this point, I find, as a fact, that at the time of such repossession, the tires purchased from the plaintiff were upon the car. The defendant caused the car thus equipped to be taken to the garage of the Park Circle Motor Company, certain repairs to be made upon it, resold it and retained the sales price.

It is also undisputed that, prior to such resale, the plaintiff notified the defendant of its claim to the tires in question, demanded the return thereof, which demand was refused.

Upon this state of facts the question involved is as to whether or not the plaintiff is entitled to recover from the defendant the value of the tires at the time the car was taken by the defendant. Elaborate and carefully prepared briefs have been submitted on both sides in this case. The question involved is said to be of great importance to the parties and, although the amounts involved in similar controversies, just as in this case, were stated to be below the original jurisdiction of a Court of record, the frequency of the occasions upon which the question at issue is presented, has caused coun-

sel to make a request that a written statement of the decision herein be made. I shall merely announce my conclusions with as much brevity as possible.

The plaintiff in recording the memorandum of the conditional sales contract for the tires had done all that the law requires to preserve title in itself. Finance, &c., Co. vs. Truck Co., 145 Md. 94, 101. The chattel mortgage to it of the automobile, although defective, was an entirely separable portion of the paper including it and the conditional sales contract for the tires. It was fully and completely executed as respects the conditional sales contract portion thereof and a memorandum of that portion fully describing the tires (Salabes vs. Castleberg, 98 Md. 645, 652) and containing the other requisites prescribed by the statute was duly recorded. Unless, therefore, the facts of this case involve some circumstance which deprives the plaintiff of the title thus retained, the provisions of the contract should be given legal effect. There was no notice to the plaintiff, nor is there any evidence that it had actual knowledge, of the intention of Juratovac to use the tires upon the automobile to which the defendant had title under the conditional sales contract thereof. It is true that the defective chattel mortgage taken by the plaintiff was upon this automobile. Inasmuch, however, as this chattel mortgage was merely taken as additional security, it would be imposing an undue burden upon the plaintiff to charge it with the duty of inquiring as to whether or not these tires were to be used upon this particular car and then to examine the record as to the title to the car. In addition, it appears from the evidence in the case that, after the defendant repossessed, but before it resold, the automobile, it was offered the tires that had been upon the car at the time of the conditional sale, but refused to accept them and insisted upon retaining the newer tires claimed by the plaintiff.

First. The defendant claims the right to the new tires, first, upon the theory of accession or merger or confusion; that the tires having become an integral part of the automobile and the tires being incapable of use except in connection with some automobile, and the automobile being unable to be run without tires, thereafter the tires could not be separated from the automobile without making both the tires and automobile useless. The answer to this contention is to be found, first, in the fact that the original tires upon the car, which constituted a part thereof at the time it was conditionally sold, were offered to the defendant and could readily have been replaced by the defendant upon the automobile, and this was all the security upon which the defendant could count. And in the second place, the fact is clear that tires, particularly of the size of those suitable for Chevrolet cars, are available for use upon literally thousands of similar cars. It does not seem to me, therefore, that the doctrine of accession, merger or confusion can be applied herein. The case is entirely different from that of something which after it is attached to the car becomes an inseparable part thereof, as, for example, paint that has been put upon it, as was suggested in the argument. Ample authority for the propositions above stated can be found. In the case of Clark vs. Wells, 45 Vt. 4, which is a leading case upon this subject, it was held that wheels, axles and whiffle trees furnished for a stage coach under a hire agreement did not pass to the purchaser of the entire coach. To similar effect are: A. Meister & Sons Co. vs. Harrison, 56 Cal. Appeals, 679, 681, &c. Hawlman vs. Dotan Foundry, 82 So. 642 (Ala. 1919). Netzorg vs. National Supply Co., 18-28 Ohio Circuit decision, p. 112. Clarke vs. Johnson, 43 Nevada 359. Alley vs. Adams, 44 Ala. 609. 1 C. J. 384, Sec. 40.

In Roberts vs. Robertson, 141 Md. 37 at 49, the Court of Appeals held that the plaintiff's claim of title reserved under a conditional sales agreement of cans did not extend to the contents of the cans which had been manufactured from materials furnished by other persons. The opening of the cans in order to remove the contents would render the cans of little value. The removal of the contents from the cans would greatly impair the value of the contents, if it did not render such contents absolutely worthless. Nevertheless, the title to the cans did not carry with it title to the contents.

Second. The defendant contends that the provision in its conditional sales agreement extending the operation

thereof to any equipment, repairs or accessories thereafter placed upon the car must be accorded the same force and effect as an after acquired property clause in a chattel mortgage. The validity of such a clause in its operation upon chattels is at least doubtful in Maryland, in view of the decisions in: Hamilton vs. Rogers, 8 Md. 301; Crocker vs. Hopps, 78 Md. 260; First National Bank vs. Lindenstruth, 79 Md. 136. See also Judge Rose's decision in Clark vs. Grimes, 232 Fed. 190, affirmed by the Circuit Court of Appeals in 234 Fed. 604.

Such after acquired property might become subject to the prior mortgage if of such a character as that it would become an integral part of the mortgaged chattel, under the doctrine of accession or confusion, already discussed and held inapplicable to the present case. Had the title to the tires passed to Juratovac the purchaser of the automobile, it might be contended with greater force that this provision of the sales agreement covers the tires, but the title to the tires was expressly retained by the plaintiff and never passed to the purchaser. Its mere execution rendered the agreement to this effect completely operative as between the plaintiff and Juratovac.

Walker vs. Schindel, 58 Md. 360-368; Baldwin vs. Francis, 118 Md. 177-181; Lewis vs. Schlichter, 137 Md. 217-224.

And these cases are authority for the proposition that the retention of title by the plaintiff would, likewise, be completely effective as against any one who subsequently dealt with the automobile with actual knowledge of the circumstances. The recordation of the memorandum herein gives constructive notice, which is entitled to all the virtue possessed by actual notice.

I have already determined that the plaintiff had no actual notice that the tires were to be placed upon the automobile, subject to the defendant's sales agreement, and that, therefore, there could have been imposed upon it no burden to discover upon which automobile the tires might subsequently be placed. Practically the task of so discovering might be an impossible one. The plaintiff's rights, however, must have been determined by the arrangement made by it with Juratovac at the time of its transaction with him. Those rights then fixed by agreement could not be made dependent upon the chance of the particular automobile upon which the tires might thereafter happen to be placed. Juratovac could subject his interest in the tires to the rights of any one with whom he so contracted, but he could not, without some authority from the plaintiff, modify the plaintiff's rights by the accident or the design of placing them upon one automobile rather than another. The after acquired clause of defendant's contract would fasten upon all of Juratovac's interest, but upon no more.

New Orleans & Ohio R. R. vs. U. S. 12 Wall. 362, 20 L. Ed. 434; Holt vs. Henley, 232 U. S. 637, 58 L. Ed. 767; Detroit Steel Cooperage Co. vs. Sistersville Brewing Co., 233 U. S. 712, 58 L. Ed. 1166; Cox vs. New Bern Lighting Co., 151 N. C. 162.

In Brady vs. Johnson, 75 Md. 445—20 L. R. A. 737, appears the opinion of Chief Judge Alvey in the Circuit Court for Washington County in Equity. This opinion was adopted by the Court of Appeals as appears from its Per Curiam opinion on page 458. Judge Alvey was here dealing with the effect of an after acquired property clause in a mortgage upon the Chesapeake & Ohio Canal, and on page 455, he says: "For it is now well settled that a mortgage with the 'after acquired property' clause in it, embraces and creates a charge upon all property subsequently acquired by the corporation mortgagor which comes within the description in the mortgage; and this, not only as to property to which the mortgagor acquires the legal title, but also as to that to which it acquires only an equitable title. Trust Co. vs. Kneeland, 138 U. S. 414, 419; R. R. Co. vs. Hamilton, 134 U. S. 296. The mortgage lien, however, upon the subsequently acquired property only attaches from the time of the acquisition by the mortgagor, *and subject to all pre-existing liens thereon.* Trust Co. vs. Kneeland, supra. * * *" (italics supplied).

This was said with respect to property that passed to the mortgagor subject to judgment liens upon the property. I do not see why, on principle, the same rule is not likewise applicable to the limitations upon Juratovac's interest in the tires imposed by the plaintiff's and his conditional contract of sale.

Third. No question is here involved of the validity or effect of the statutory lien of a garage keeper or repairman, and the authorities cited by the defendant are clearly inapplicable.

Fourth. The defendant further contends that the fact that at the same time that the plaintiff retained title to the tires under the conditional sale of contract, it received a defective chattel mortgage upon the automobile of Juratovac, rendered ineffectual the reservation of the title of the tires in the conditional sales contract. This position is strengthened by the fact that the chattel mortgage and the conditional sales contract together constituted one paper. If the chattel mortgage had been upon the tires, as well as upon the automobile, the argument made would have been entitled to great weight, as it is obviously inconsistent with the retention of title in the tires to take a chattel mortgage *on them* at the same time. 24 R. C. L. 448, Sec. 746. In this case, however, the chattel mortgage did not cover the tires and therefore, its taking cannot be regarded as inconsistent with the reservation of title in the tires. The better view is that the fact that the seller has taken additional security for the price of the chattels, such as a mortgage on other property or the like, will not render the reservation of the title, until the price is paid, inoperative as a conditional sale. See cases cited in 24 R. C. L. 448, note 14. See also note in 20 R. L. A. (N. S.) 1066.

The only authority to which I have been referred, which is opposed to the above statement is the case of Silver Bow Mining & Milling Co. vs. Lowry, 6 Mont. 288.

Fifth. This being an appeal from the Peoples' Court, it is not important to determine the proper form of action. If that should be necessary, I should not hesitate to hold that trover would lie for the wrongful conversion of the tires by the defendant, evidenced by its unconditional refusal to return same to the plaintiff after due demand therefor had been made.

Bonaparte vs. Claggett, 78 Md. 87, 106 and 107; Kirby vs. Porter, 144 Md. 261, 266.

The verdict, therefore, will be for the plaintiff and in the sum of $30.40, which I hold to be the value of the tires at the time of conversion.

In the case of the Maryland Tire Company, Inc., vs. the Manufacturers Finance Company, a question in many respects similar to the question here involved was decided without opinion by Judge Stanton in this court in 1926. In that case the conditional sales contract for the tires had not been recorded, but Judge Stanton found as a fact, that the defendant had actual notice of the claim of the tire company to the tires there involved. Judge Stanton in that case held that the plaintiff was entitled to recover. He has read this opinion and authorizes me to say on his behalf that he concurs in the conclusions of law herein stated.